**FREEMAN v. BANKS et al.**

No. 13306.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1936.

Rehearing Denied March 6, 1936.

W. L. Blanton and J. T. Adams, both of Gainesville, for plaintiff in error.

Ray Winder, of Gainesville, for defendants in error.

BROWN, Justice.

Plaintiff in error, L. O. Freeman, executor of the will and estate of Margaret Wakefield, deceased, was the plaintiff below, and brought suit against Terry and T. A. Banks, defendants in error, alleging the

making of the will, his appointment thereunder, the probating of the will and his qualification, and alleging that the deceased died owing a considerable sum of money; that the defendants are in possession and are occupying and refusing to deliver possession to petitioner, of a certain lot and improvements, belonging to the estate; that it is necessary to sell such lot and improvements to pay the indebtedness due by the estate; that the defendants as renters, occupying the premises, are indebted to the estate for rents in the sum of $200, now in arrears; that the defendants are contending for title to and possession of the premises, under the provisions of the will, and refuse to give petitioner possession thereof. He prays for a construction of the will, and for possession, and the right to sell the property.

The case being tried to the court, judgment was rendered "that the material facts and the law are with defendants and against plaintiff, and it is accordingly ordered, adjudged and decreed that the plaintiff take nothing by his suit and that defendants go hence with their costs without day." The defendants offered no evidence at the hearing.

No effort was made to construe the will, other than is implied by the judgment.

The executor has appealed, and we·will designate the parties as in the trial court.

There are no cross-assignments of error presented by defendants, and in their brief we find six counter propositions.

The first urges that the executor is not entitled to possession of the home which was specially devised to ·the ·defendants, because the uncontradicted evidence shows that the executor had in his hands property belonging to the estate which he was required by law to use before resorting to the real estate. The second counter proposition is similar to the first and urges that such personal property is sufficient to pay all the debts against the estate. The third counter proposition is to the effect that the executor had sufficient property, other than that claimed by defendants, with which to pay all such debts. The fourth counter proposition asserts that the evidence shows that the claims urged by the executor as debts against the estate are fictitious and not legally chargeable against the estate.

The fifth counter proposition is that the bequest of real property and personal property to Freeman represents a value greater than the debts owing by the estate to Freeman, and such bequest was in satisfaction of such debts, and that Freeman took such bequests subject to other debts against the estate and that he has no rights superior to creditors. (Freeman was a creditor of the deceased.)

The sixth counter proposition is that the special provision in the will, devising a home to Banks and his family, takes priority over any bequest and devise to Freeman.

The will reads as follows:

"The State of Texas, County of Cooke

"I, Mrs. Margaret Wakefield of Gainesville, Cooke County, Texas, being of sound and disposing mind and memory, and being desirous to settle my worldly affairs while have strength to do so, do make this my last will and testament, hereby revoking all others hereto.

"First: I desire and direct that body be buried in a decent and Christianlike manner, suitable to my circumstances and condition in life.

"Second: I desire and direct that my just debts be paid out of my estate without delay, by my executor to be hereinafter appointed.

"Third: It is my desire to provide a home for my friend Terry Banks and his family, and I give and bequeath to Terry Banks, lot Number Two (2) in Block Two (2) in Weaver's Addition to Gainesville, Texas, and said house and lot is situated on South side of West Broadway and No. 510, and the title shall pass to said Terry Banks and vest in fee simple in him.

"Fourth: I give and bequeath to L. O. Freeman, my home place, it being Lot No. Three (3) in Block No. Two (2) and I also give and bequeath to L. O. Freeman, Lot No. One (1) in Block No. Two (2) in Weaver's Addition to Gainesville, Texas, both lots are situated on south side of West Broadway and the house on Lot No. Three (3) is No. 506 and the house on Lot No. One (1) is 514, the title to both of said lots shall pass to and vest in fee simple in L. O. Freeman.

"Fifth: I give and bequeath to L. O. Freeman, the remainder of all the property I may now or be interested in at the time of my death, in fee simple to manage, sell or dispose as he may·wish or see proper, and it is my desire that L. O. Freeman, shall have all of the personal property I now own or possessed of at my death, of whatsoever kind.

"Sixth: I hereby constitute and appoint L. O. Freeman, executor of this my last will and testament, and direct that no bond or security be required of him as executor.

"Seventh: It is my will that no other action shall be had in the County Court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims.

"In testimony whereof I have hereto set my hand this the 19th day of November, 1932.

"[Signed]   Mrs. Margaret Wakefield

"Signed, declared and published by Mrs. Margaret Wakefield as her last will and testament, in the presence of us, the attesting witnesses, who have hereto subscribed our names in the presence of said Mrs. Margaret Wakefield, at her special instance and request. This 19th day of November, 1932.

"[Signed]   Dr. Jas. M. Wattam
"Minnie McCuan."

It is elementary that the executor has the right of possession of the estate. If, after the payment of all just debts owing by the estate, any property remains that has been specially devised to some person, or institution, it would be the duty of the executor to then deliver such property to the named devisee; or, if sold, to give so much of the proceeds of the sale of such devised property to the devisee as was not needed to pay the debts and costs of administration. It is elementary that property of a deceased, going into the hands of either a devisee under the will, or to an heir by descent and distribution, is taken subject to the debts and costs of administration. The devise to Banks and family is subject to this rule, and the will cannot be construed so as to give such bequest a preference, or priority over other bequests, or over creditors of the estate, or so as to prevent the sale of the devised property to pay costs of administration.

We gather from the statement of facts that the charges against the estate have been "allowed" by the probate court, and that the executor has been looking to the probate court for direction in the matter of the proper administration of the estate. But this executor is one independent of the probate court. If he is guilty of mismanagement and conduct calculated to jeopardize or destroy the property rights of any beneficiary, such person may, in a proceeding had for that purpose, apply to the district court for the removal of the independent executor and for the appointment of a receiver to take charge of the estate. First State Bank v. Gaines, 121 Tex. 559, 50 S.W.(2d) 774.

The "allowed" claims against the estate show debts in excess of the proceeds of the assets that have been disposed of by the executor (among such assets being all of the real property and all of the personal property devised to the executor, except two diamond rings), and that all charges against the estate have not yet been paid. The two diamond rings are shown to be worth less than $150, and that this will not pay the "allowed claims."

No attack can be made here, by the appellee, on the righteousness or validity of the claims. Such an attack could have been made, in the district court, in a proceeding to remove the executor to prevent dissipation of the estate, waste and mismanagement, and to secure the appointment of a receiver to protect the estate for the complaining beneficiary. This, appellee has not sought to do, in the instant suit.

As pointed out in the forepart of the opinion, the defendants offered no evidence, and did not offer to pay the debt they owe the estate for rents due for use of the property they now withhold from the executor. The executor made out a prima facie case before the trial court. None of the facts disclosed by his evidence and testimony are denied.

The judgment of the trial court is reversed, and judgment here rendered for plaintiff in error as prayed for.