**Lambert B. HOLUB, Appellant,**

v.

**NORTEX OIL AND GAS CORPORATION, Appellee.**

No. 3505.

Court of Civil Appeals of Texas.

Eastland.

Nov. 6, 1959.

R. J. Balch, Seymour, for appellant.

Lyne, Blanchette, Smith & Shelton, Dallas, for appellee.

COLLINGS, Justice.

This suit was brought by Lambert B. Holub, the owner of certain real property, against Nortex Oil and Gas Corporation, the owner and operator of an oil and gas lease on said land. Plaintiff sought to recover for alleged damage to the oil pro-

ducing sands underlying his land because of a water flood operation by the defendant. He alleged that defendant had injected salt water into the oil producing sands underlying his land and thereby displaced and made it impossible for plaintiff to capture and produce from his oil wells great quantities of oil. Plaintiff also alleged that defendant had permitted salt water to escape on the surface of his land and sought to recover for alleged damages thereto.

The trial court after hearing granted defendant's motion for a summary judgment and decreed that plaintiff take nothing on his claim for damages to the oil producing sands underlying his land. The court denied defendant's motion for summary judgment on plaintiff's claim for damages to the surface but entered no judgment finally disposing of that phase of the case. No order of severance was entered.

Lambert B. Holub seeks to appeal from the summary judgment against him on his claim for damages to the oil producing sands under his land.

Nortex Oil and Gas Corporation has presented a motion to dismiss the appeal because all the issues in controversy were not disposed of in the judgment. Appellee asserts that the order of the trial court is interlocutory in nature and that this court is without jurisdiction of the attempted appeal. In our opinion, the contention is well taken.

■ Article 2249, Vernon's Ann. Texas Civ.St., provides for an appeal from a final judgment. It is held that a final judgment for the purpose of appeal is a judgment that expressly or by necessary implication completely disposes of the case as to all parties and all issues involved, so far

as the court has the power to do. 3 Texas Jur. 2nd 340. Thus it is held that a judgment which does not expressly or by implication dispose of all the issues in the case is not final and appealable. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377.

Appellant's suit involved a claim for (1) alleged damage to the oil producing formations under his land and (2) for surface damages. The judgment disposed of appellant's claim for damage to subsurface formations but did not expressly, or by implication dispose of his claim for surface damages. There was no express severance. A similar situation was presented in Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, Tex. Civ.App., 320 S.W.2d 915, where the appeal was dismissed although it was urged that there was a severance by implication. On application for writ of error our Supreme Court in a per curiam opinion in Tex., 324 S.W.2d 200, 201, refused a writ with the notation "no reversible error", and in such opinion used the following language which in our opinion is controlling in this case:

"* * * a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. * * * In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case."

The appeal is dismissed for want of jurisdiction.