**R. G. PARKER, Independent Executor of the Estate of Dixie Donald, Deceased, Relator,**

**v.**

**Hon. Louis T. HOLLAND, Judge of the District Court for the 97th Judicial District of Montague County, Texas, and Paul Donald, Respondents.**

**No. B–1562.**

Supreme Court of Texas.

July 16, 1969.

Rehearing Denied Oct. 1, 1969.

Kuykendall & Kuykendall, Kirk Kuykendall, Austin, for relator.

Jack Connell, Bowie, for respondents.

POPE, Justice.

Relator, R. G. Parker, Independent Executor of the Estate of Dixie Donald, asks this court to issue a writ of mandamus commanding the Judge of the 97th Judicial District of Montague County to vacate his April 4, 1969 order which declared void a default judgment which the court rendered on July 25, 1967. Paul Donald is also named as a respondent. In our opinion, relator is entitled to a writ of mandamus.

Dixie Donald married Paul Donald on September 19, 1961, and she died on June 17, 1966. Relator, Parker, qualified as independent executor of the estate of Dixie Donald. Relator filed suit against Paul Donald in 1967 to establish Dixie's interest in certain properties, for an accounting and

partition. Service of citation was obtained on Paul Donald on April 12, 1967 but he failed to file an answer. On July 25, 1967, relator, as plaintiff in the action against Donald, filed a motion to sever the cause into two separate causes bearing separate docket numbers. The court granted the motion to sever. The severance order assigned docket number 15,127, to relator's cause of action which sought a judgment deciding the nature and extent of the undivided interest which Dixie Donald owned in property held in her name or Paul Donald's name. The suit for accounting and partition was severed into a new cause under docket number 15,174.

On July 25, 1967, relator also filed a motion for default judgment against Paul Donald in cause number 15,127 and the trial court granted the motion. That judgment, after reciting proper service upon Paul Donald and his failure to answer, adjudged that Dixie owned an undivided one-half of all real estate which was acquired during the period of Dixie's marriage to Paul Donald and one-half of all effects which either of them possessed on June 17, 1966. The judgment contained recitals about the prior severance of the action for accounting and partition. Paul Donald received a letter on August 1 or August 2 and a copy of the default judgment rendered in cause number 15,127 was enclosed.

Paul Donald did nothing about the judgment until May 22, 1968, at which time he filed a motion to vacate or reform the default judgment. The trial court overruled the motion on June 12, 1968. In July, 1968, Paul Donald filed a proceeding which he termed a "Bill to Review." It was in substantially the same words as the previous motion to vacate, except that Donald swore that the allegations were true. On April 8, 1969 the trial court granted Paul Donald's "Bill to Review" by declaring the 1967 default judgment null and void.

■ Paul Donald, though he was served with process and had notice of all proceedings in relator's suit against him, failed to answer, file a motion for new trial, perfect an appeal, or proceed by writ of error. The "Bill to Review" which he urged almost two years after the default judgment and which was the basis for the trial court's order vacating the default judgment did not meet the requirements of a bill of review, since it contained no allegations of Donald's non-negligence in failing to answer and asserted no meritorious defense to the suit. See McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961).

The only basis for the trial court's judgment which voided the 1967 default judgment, would be that the judgment falls within that group of cases in which the trial court lacked jurisdiction over the person or subject matter. McEwen v. Harrison, supra, discusses that class of cases and illustrates the class by examples such as a default judgment which is rendered against a party who was not served with process and by cases in which the court lacked jurisdiction over the subject matter such as a divorce decree rendered by a county court.

■ Respondents say the default judgment was void because the judgment adjudicated an action different from that asserted in the pleadings. The simplest answer to the contention is that respondents are wrong in their construction of the pleadings. The original petition alleged that Dixie and Paul Donald were seized and possessed of properties in certain named counties, that relator was entitled to the possession and title to all of the assets of Dixie's estate as well as an accounting and partition, and prayed for a division "awarding one-half of all properties now owned and claimed by Paul Donald * * *."

■ Respondents also say that this court lacks jurisdiction to entertain this mandamus action, since the 1967 default judgment was only an interlocutory judgment over which the trial court retained jurisdiction. They say that the default judgment could not become a final judgment until the accounting and partition suit is also decided.

Respondents rely upon Warren v. Walter, 414 S.W.2d 423 (Tex.Sup.1967). The cited case concerned the severance of issues in a single cause for separate trials. That is not the situation presented by this record. In this case, the trial court severed the original cause into two separate causes of action. McGuire v. Commercial Union Ins. Co. of New York, 431 S.W.2d 347 (Tex. Sup.1968); Rule 41, Texas Rules of Civil Procedure. The default judgment in the severed cause was a final adjudication. Pierce v. Reynolds, 160 Tex. 198, 329 S.W. 2d 76 (1959). That final adjudication was that Dixie Donald owned an undivided one-half of all real estate acquired by her or Paul Donald during the time between September 19, 1961 and June 17, 1966 and one-half of all effects which either of them possessed on June 17, 1966. De La Vega v. League, 64 Tex. 205, 216 (1885); Banks v. Blake, 143 S.W. 1183 (Tex.Civ. App.1912, no writ).

The judgment which set aside the default judgment is void. We assume that the Judge of the 97th Judicial District Court will set aside the order vacating the default judgment and will reinstate that judgment. Writ of mandamus will issue only if he declines to do so.