**CONTINENTAL BUS SYSTEMS, INC.**
et al., Petitioners,

v.

**The CITY OF CORPUS CHRISTI,**
Respondent.

No. B–1803.

Supreme Court of Texas.

Jan. 28, 1970.

Rehearing Denied March 25, 1970.

Crawford C. Martin, Atty. Gen., Thomas F. Sedberry, Asst. Atty. Gen., James, Robinson, Felts & Starnes, Clark, Thomas, Harris, Denius & Winters, Austin, Phinney, Hallman, Pulley & Livingstone, William E. Livingstone, III, Dallas, for petitioners.

McGinnis, Lochridge, Kilgore, Byfield, Hunter & Wilson, B. D. St. Clair, Austin, I. M. Singer, City Atty., Corpus Christi, for respondent.

PER CURIAM.

Continental Bus Systems, Inc. and other bus companies, hereafter called Continental, sued the City of Corpus Christi to obtain a permanent injunction against the City's operations of charter busses outside the city limits of Corpus Christi and also for monetary damages occasioned by the operations. The trial court granted Continental's prayer for a permanent injunction and the court of civil appeals reversed the trial court's judgment. 445 S.W.2d 12. The court of civil appeals reached a correct result, but its opinion stated that the appeal was from a partial summary judgment. The basis for that court's view that the judgment was not a final judgment was that the trial court rendered judgment upon the injunction but did not render a judgment concerning damages. If, as thought by the court of civil appeals, the judgment was a partial summary judgment, and no severance was ordered, it was not an appealable judgment. Hall v. City of Austin, 450 S.W.2d 836 (1970); Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959).

The judgment which permanently enjoined the City of Corpus Christi was a final judgment, not a partial summary judgment. The trial court carefully ordered a severance of the original action into two separate causes. The judgment first recited that the parties agreed in open court to the severance of the action for damages from the action for permanent injunction so that the order on the injunction would be a final judgment. The court then ordered,

"* * * that Plaintiffs' action for monetary damages against Defendant, City of Corpus Christi, Texas, be and it is hereby severed to become a separate cause with a separate docket number, to stand for trial separately on its merits."

The trial court first severed the original cause into two separate and independent causes and then rendered a final judgment granting a permanent injunction. Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11 (1961).

The application for writ of error is refused, no reversible error.