**Raymundo ZAMBRANO and Alicia Zambrano, Appellants,**

v.

**Arturo OLIVAS et al., Appellees.**

**No. 6228.**

Court of Civil Appeals of Texas, El Paso.

Jan. 26, 1972.

Niland, Niland & Cooper, Jack T. Niland, Tom Niland, El Paso, for appellants.

Long & Koehler, Ward L. Koehler, El Paso, for appellees.

## OPINION

PER CURIAM.

This is a summary judgment case. Suit was brought by the Appellees for the title and possession of certain real estate in El Paso and for the fair and reasonable rental value of the use of the premises during the period of time that the property was allegedly unlawfully used and occupied by the Appellants. The Appellees moved for a partial summary judgment on the ground that the pleadings, admissions and supporting affidavits on file showed that except as to the amount of reasonable rental, there was no genuine issue as to any material fact as to the title and possession

of the property. Upon hearing, the trial Court rendered a partial summary judgment for Appellees for title and possession of the property in dispute and granted to them their writ of possession.

The judgment then continued in this manner:

"It is further ordered, adjudged, and decreed that this cause proceed to trial upon the sole remaining issue of the amount of fair and reasonable rental, if any, to which Plaintiffs may be entitled to recover from the Defendants herein. It is further ordered that costs shall not be taxed until final judgment on the remaining issue, . . . ."

From this judgment, the Defendants-Appellants have perfected their appeal.

We are of the opinion that the order of the trial Court is interlocutory in nature, and that this Court is without jurisdiction of the attempted appeal. A final judgment for the purposes of appeal is a judgment that expressly or by necessary implication completely disposes of the case as to all parties and all issues involved. While the judgment disposes of the Plaintiffs' claim for title and possession, it expressly retains the case for the rental damages. There is no express severance. There can be no implied severance where it is contrary to the expressed language of the judgment. Pan American Petroleum Corporation, et al. v. Texas Pacific Coal & Oil Company, et al., 159 Tex. 550, 324 S.W.2d 200 (1959). There has been no severance but an order for a separate trial on a remaining controverted issue. The rule is set out in Hall v. City of Austin, 450 S.W.2d 836 (Tex.1970):

" . . . there has been some confusion on the part of both courts and lawyers in use of the terms 'severance' and 'separate trial.' The fact that the terms are not always used properly affords no basis, however, for treating an order for a separate trial as an order of severance. There is nothing in the transcript of this case that could possibly be construed as ordering a severance. The judgment from which the City attempted to appeal simply adjudicates part of a single cause and leaves part of the cause untried and unadjudicated. It is not an appealable judgment, and neither the Court of Civil Appeals nor this Court has any power to review the same."

We are not suggesting that the issues as to title and damages are severable over objection, or if severable as to the possible consequences. Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959); Cantu v. Bage, Jr., 467 S.W.2d 680 (Tex.Civ.App., Beaumont, 1971, no writ history). See also Holub v. Nortex Oil and Gas Corporation, 330 S.W.2d 491 (Tex.Civ.App., Eastland, 1959, no writ history); Vernon's Texas Rules Ann. 166–A Notes 105, 106; 4 McDonald Texas Civil Practice, Sec. 17.04–B. Under paragraph d of the rule, the trial Court has made what it considered to be a proper pre-trial order disposing of a matter where it believed no controversy existed. It has directed the case to continue to a final judgment.

The order appealed from not being a final judgment, we find ourselves without jurisdiction. Our duty is to dismiss the appeal on our own motion without suggestion from the parties. Stubbs v. Stuart, 469 S.W.2d 311 (Tex.Civ.App. Eastland, 1971, no writ history).

The appeal is dismissed.