[A5775]

R. G. PARKER, Independent Executor,
Petitioner,

v.

Paul DONALD et al., Respondents.

No. B–3330.

Supreme Court of Texas.

June 28, 1972.

Rehearing Denied July 26, 1972.

Kuykendall & Kuykendall, Kirk Kuykendall, Austin, for petitioner.

Jack Connell, Bowie, Vinson, Elkins, Searls & Smith, Jarrel D. McDaniel and Ben H. Sheppard, Jr., Houston, Clayton Kramer, Wichita Falls, for respondents.

PER CURIAM.

R. G. Parker, as Independent Executor of the estate of Dixie Donald, sued Paul Donald, Robert Donald, Sr., Agricultural Livestock Corporation and Montague Cattle Company to have declared his interests in properties formerly owned by the law partnership of Donald & Donald and in the properties acquired after 1961 by Robert Donald, Sr. and/or Paul Donald. Trial court granted each defendant's motion for summary judgment and the court of civil appeals affirmed. 477 S.W.2d 947.

Dixie Donald married Paul Donald in 1961. She died on June 17, 1966, and R. G. Parker qualified as Independent Executor under her will. In 1967, Parker in his representative capacity obtained a judgment against Paul Donald. That judgment vested Parker with title "to an undivided one-half interest in and to all effects of Paul Donald and/or Mrs. Dixie Donald" which were in their possession on June 17, 1966, and title to an undivided one-half interest in all real property acquired by the couple during their marriage. See Parker v. Holland, 444 S.W.2d 581 (Tex.1969). In attempting to define his interests under the 1967 judgment, Parker seeks in this lawsuit a declaratory judgment that he is entitled to recover as "effects" real property formerly owned by the law partnership of Donald & Donald. Also, Parker seeks

an accounting of properties acquired between 1961 and 1966 by an entity called "Donald & Son" and of properties purchased by Robert for the benefit of Paul Donald.

■ The trial court and the court of civil appeals held that the depositions and affidavits on file establish as a matter of law that the law partnership of Donald & Donald dissolved in 1959 when Paul Donald's partner, J. M. Donald, sold all his interests in the partnership to defendant Montague Cattle Company; consequently, Parker does not have a claim in that partnership under the 1967 judgment. We agree with that holding.

■ Parker contends that under the Uniform Partnership Act, Art. 6132b, Sec. 30, Vernon's Ann.Civ.St., a partnership is not terminated until after the partnership winds-up its affairs. The court of civil appeals correctly held that the Act is not applicable here since the effective date of the Act was subsequent to the partner's sale. At common-law, a partnership ceases to exist as such when one partner sells his interest to a third party. Moore v. Steele, 67 Tex. 435, 3 S.W. 448 (1887); Traders' & General Ins. Co. v. Emmert, 76 S.W.2d 208 (Tex.Civ.App.1934, writ ref'd).

Since we are remanding this case without granting the application for writ of error, no severance is made here. We do hold, however, that the proof in this record justifies the summary judgment rendered in Montague Cattle Company's favor.

■ As to Parker's prayer for accounting, the courts below held that the depositions and affidavits on file in this case establish as a matter of law that Paul Donald did not acquire any real property after 1961. The record in this case will not support that holding.

H. C. Boswell, Vice-President for defendant Agricultural Livestock Corporation, summarized in his affidavit the mortgage transactions his company had with Robert Donald, Sr. and Paul Donald. Exhibits attached to his affidavit and incorporated therein for all purposes show that Robert and/or Paul Donald acquired legal title to various tracts of land between 1961 and 1966.

Furthermore, Weldon Dennis stated in his affidavit that he conveyed 1,292 acres of land to Robert Donald, Sr. in 1964, but that he believed Paul Donald to be the actual owner for these reasons: Paul Donald paid the $25,000 down payment, Paul Donald had the trees fertilized and the gravel hauled out, and it was Paul Donald who refused to accept his offer to purchase the property back.

The state of the record as outlined above cannot support the motions for summary judgment against Parker's suit for accounting. The judgment of the trial court and the court of civil appeals in this regard is in direct conflict with Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). We, therefore, reverse the judgments below and remand the case to the trial court without granting the application for writ of error. Rule 483, Texas Rules of Civil Procedure.