Robert P. INGRUM, Jr., Appellant,

v.

Allen INGRUM, Independent Executor of the Estate of Addiebel Ingrum, Deceased, Appellee.

No. 15377.

Court of Civil Appeals of Texas, San Antonio.

March 5, 1975.

Rehearing Denied April 2, 1975.

Graves, Dougherty, Hearon, Moody & Garwood, John T. Anderson, Austin, Jack Woodley, Sabinal, for appellant.

Cluck & Johnson, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a declaratory judgment construing certain provisions of a trust created and set up in the last will

and testament of Addiebel Ingrum, deceased. The trial court held that: (a) the provision in the decedent's will directing the trustee to hold the ranch intact for ten years[1] is a restraint against alienation which is repugnant to the devise of the fee simple estate and is ineffectual as a disabling grant and, therefore, null and void; (b) the net assets of the estate, exclusive of the ranch, are insufficient to pay the debts owed by the decedent, the claims against the estate, expenses of administration, the federal tax liability, and the state inheritance tax liability; that a necessity exists to pay such debts, claims, administrative expenses, federal estate taxes, state inheritance taxes, and the executor is authorized and empowered to sell such ranch to pay and discharge such debts, etc.; (c) that the executor and trustee is authorized to sell such ranch at any time without regard to the ten year limitations.

Appellant, by his first three points of error, asserts that the trial court erred in holding that the provision in the decedent's will directing the trustee to hold the ranch intact for a period of ten years after her death, is an invalid restraint on alienation, and in holding that the executor and trustee is authorized to sell such property without regard to the ten year limitation period. By two points of error, appellant asserts that the trial court erred in holding that a necessity exists in the administration of the estate authorizing the sale of the property because of no evidence and insufficient evidence, and that the court's holding is against the great weight and preponderance of the evidence. By his last point of error, appellant complains that the trial court erred in excluding from evidence certain letters written by Allen Ingrum, the executor and trustee.

By counterpoints, appellee asserts that (1) the provision in decedent's will directing the trustee to hold the ranch intact for ten years is a restraint against alienation which is repugnant to the devise of the fee simple estate and is ineffectual as a disabling restraint; (2) the holding of the trial court that a necessity exists for the sale of the ranch in order to pay debts, claims, administrative expenses, federal estate taxes, and state inheritance taxes is required by law and is supported by all the facts, circumstances and evidence in the case; (3) the trial court correctly excluded from evidence, certain letters offered in evidence by appellant.

We have concluded that the executor, Allen Ingrum, had full power and authority to sell the ranch involved irrespective of whether the provision as to holding the ranch intact for ten years is void as a restraint against alienation or not.

We have carefully reviewed the entire record with regard to appellant's points of error pertaining to the necessity of the sale of such ranch. Such record includes stipulations entered into between the parties; several exhibits; a statement of assets and liabilities, and a receipts and disbursements statement; the inventory and appraisement filed in said estate; and the testimony of witnesses. The stipulation of facts shows that the estate of Addiebel Ingrum has paid federal estate taxes of $19,377.34 and Texas inheritance taxes of $513.80, and that there is still owing a deficiency in federal estate taxes of $44,217.91, plus accrued interest of $7,295.98 as of January 1, 1974, and a deficiency in state inheritance taxes of $7,295.98, plus accrued interest in the sum of $3,607.93; that commissions due the executor are estimated to be $12,000.00 and that attorney's fees, court costs and miscellaneous expenses will amount to an estimated $10,000.00.

The inventory and appraisement filed in the estate shows assets in the gross amount of $174,745.04, the principal item of which is the ranch, valued at $137,584.20. Claims

---

1. "The Trustee, ALLEN INGRUM, heretofore appointed is to hold the corpus of this Trust which is the ranch herein described, intact for a period of ten years after my death, . . . . ."

against the estate in the amount of $28,128.84 are listed, the chief item of which is a note to Allen Ingrum in the sum of $25,850.69.

A balance sheet shows assets of $192,551.34 and liabilities of $35,438.70, but this statement does not list the federal estate tax or state inheritance tax liabilities.

The cash receipts and disbursements statement shows cash on hand of $33,936.00 as of January 15, 1974.

Allen Ingrum, the executor and trustee, testified that the outstanding debts, taxes and administrative expenses still owing totaled $109,000.00; that the liquid assets totaled about $30,000.00, leaving a deficiency of about $79,000.00 over and above the liquid assets. He further testified that the estate has no assets except the ranch and the cash on hand; and that the ranch is presently under a lease to the R. P. Ingrum estate, which lease has about a year and one-half to go; that the annual lease rental is $5,662.50, but that after all expenses are paid the ranch nets a total of about $1,400.00 a year; that he has considered a loan, but has not gone into it definitely; that the annual income from the ranch is not sufficient to pay principal and interest payments on a loan, and, in actuality, would not even pay the interest; that on a long term loan, the interest would be at least eight percent, which would amount to $6,400.00 a year.

Appellant, Robert P. Ingrum, Jr., the holder of the present lease, testified that he would be willing to renegotiate the lease and would be willing to pay a $3.00 per acre yearly rental.

A real estate broker testified that in a sale, the ranch should sell for at least $200.00 per acre. He testified that the absence of minerals would diminish the sales value.

A stipulation was also entered into between the parties that the estate owns only the surface interest in the ranch and does not own any portion of the minerals.

A good discussion as to rules relating to the construction of wills is found in Deegan v. Frost National Bank of San Antonio, 505 S.W.2d 428 (Tex.Civ.App.—San Antonio 1974, writ ref'd) and in Alamo National Bank of San Antonio v. Hurd, 485 S.W.2d 335, 338 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.).

An examination and consideration of the will here involved discloses: (a) Article I of such will directs that the debts of the decedent be paid by the executor out of the residue of her estate, and if that is not sufficient, then the executor shall have the right and power to invade the corpus of the trust thereafter established; (b) Article III sets up the trust. In the first sentence, the decedent gives, devises and bequeaths unto Allen Ingrum, trustee, for the benefit of Allen Ingrum, Robert P. Ingrum, Ann Ingrum Fawcett, Robert P. Ingrum, Jr., Raguet Ingrum Box and John A. Ingrum, Jr. the fee simple title in and to the ranch in Uvalde County, Texas, composed of approximately 4,588.14 acres. It thereafter provides that the trustee is to hold the ranch intact for a period of ten years after her death, and that after such ten years, such trustee shall have the full right and power to sell and convey such ranch as he may consider advisable. The trust contains no termination date. The trustee is given power to operate, rent and lease the ranch, and to borrow money upon such terms as he may determine, and to mortgage trust assets as security for the repayment thereof; (c) Article V appoints Allen Ingrum as independent executor and trustee of such will and specifically authorizes and empowers the executor to dispose of, sell, or mortgage any property which the decedent may die possessed of, as such executor may deem necessary. This power of sale contains no limitation as to when this can be done.

The trial court's judgment should be affirmed irrespective of whether the provision as to holding the ranch intact for ten years is void as a restriction against alienation or not. The trial court found

that a necessity existed to sell such ranch to pay outstanding debts, claims against the estate, expenses of administration, federal estate taxes, and state inheritance taxes, and such finding is amply supported by the evidence. There is evidence that the amount owing on such debts, claims, administrative expenses, federal estate taxes, and state inheritance taxes exceeds the assets of the estate, exclusive of the ranch, by at least $70,000.00 and there is no evidence to the contrary. The will expressly authorizes the executor to sell any property of the estate without any limitation as to when this can be done or otherwise. Under the record in this case, the executor would have this power and authority even without such express authorization. Cooper v. Horner, 62 Tex. 356 (1884); Carleton v. Goebler, 94 Tex. 93, 58 S.W. 829 (1900); Stephens v. Dennis, 72 S.W.2d 630 (Tex.Civ.App.—Eastland 1934, writ ref'd); Vernon's Tex.Prob.Code Ann., Section 332 (1956).[2] Even if we assume the executor is under some duty to make a loan or mortgage, although clearly no such duty is imposed by the will, there is evidence that the annual net income of the ranch is not sufficient to pay the interest on a loan of the size required.

Appellant's last point of error asserts that the trial court erred in excluding from evidence two letters written by Allen Ingrum to Bob Ingrum. These letters are before us by virtue of a bill of exception. In the first letter, Allen Ingrum discusses generally the provisions of the will, including the provision that the ranch was not to be sold for ten years. In the second letter, Allen Ingrum states: (1) that he, the attorney, and the appraiser for the estate have had a conference with the Internal Revenue in regard to the value of the ranch for taxation; (2) that he has asked the court to give him permission to sell the ranch; (3) that he understands that it is impossible to borrow money on the ranch without at least one-half of the mineral rights belonging to the ranch and inquires whether Bob would be willing to give back his one-sixth mineral rights and also the one-sixth held by Bob as independent executor of his father's estate; and that all the rest of the heirs would be asked to do the same thing.

Appellant argues that such letters are admissible on the question of necessity of sale of the ranch, and in particular, because they show the indifference of the executor to explore the possibilities of a mortgage on the ranch to pay the debts, claims and taxes. Appellant objected to the admission of such letters on the grounds that they were irrelevant and immaterial, and that it violated the Dead Man Statute, Article 3716, Vernon's Tex. Rev.Civ.Stat.Ann. (1926).

■ Assuming, without deciding, that the letters were properly admissible in evidence, the exclusion of such letters is harmless error. Rule 434, Texas Rules of Civil Procedure (1967). Allen Ingrum testified in some detail as to the necessity of the sale, and there is other evidence hereinbefore discussed showing the necessity of such sale. Such letters do not contradict or discredit such other evidence. Allen Ingrum testified to the loan possibilities, testifying that the net income of the estate was not sufficient to pay the interest required for a loan of the size needed to pay off such debts, claims and taxes. Moreover, one of the letters points out a prob-

---

2. In Cooper v. Horner, *supra*, the Supreme Court considered a will directing the executor that all realty in the estate should be kept together until a specific time (until all of the five daughters married or until the youngest attained the age of 25 years). The Court approved a sale of the realty by the executor notwithstanding this provision because it found that the debts of the estate exceeded the assets exclusive of the realty. In Stephens v. Dennis, *supra*, the will devised a 240 acre tract to the decedent's son for life, and provided that under no circumstances shall the tract be sold during the son's lifetime by either the son or anyone else. The Court held that such provision did not deprive the independent executor of the power to sell such land to pay debts when the remainder of the estate was insufficient.

lem involved with respect to making a loan and mortgage, that is, he understands that it is not possible to make a loan on the ranch without the ranch owning one-half of the minerals. One of the stipulations of the parties was that the estate owned only the surface of the ranch and does not own any portion of the mineral rights. Such testimony is some evidence that it would not be possible to make such a loan. This point of error is overruled.

We find no reversible error. The judgment of the trial court is affirmed. In view of our holding herein, we do not deem it necessary to pass on appellant's contention that the provision in the will that the ranch be held intact for ten years is valid.