Robert INGRUM, Appellant,

v.

Allen INGRUM, Appellee.

No. 15839.

Court of Civil Appeals of Texas,
San Antonio.

June 8, 1977.

Rehearing Denied July 6, 1977.

John T. Anderson, Robert J. Hearon, Jr., Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellant.

Elwood Cluck, Cluck, Rutherford & Wolverton, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from a summary judgment which ordered that appellee, as Independent Executor and Trustee of the Estate of Addiebel Allen Ingrum, Deceased, recover title to and possession of a 4,588.14-acre ranch in Uvalde County. Appellant claims possession as lessee of appellee.

This is the second appeal of a family controversy growing out of appellee's decision to sell the ranch to pay debts owed by the estate. Appellant's father had operated the ranch for about 47 years under a series of lease agreements, first with Addiebel Allen Ingrum and, following her death, with appellee. Appellant's father died on April 22, 1973 and appellant continued in possession of the ranch with the approval of appellee and under the terms of a written lease agreement which expired on August 31, 1975. The estate owes extensive debts and a controversy arose because of appellee's desire to sell the ranch to pay these debts. In *Ingrum v. Ingrum,* 520 S.W.2d 535 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.), we held that appellee is authorized and empowered to sell the ranch to pay and discharge the debts.

Appellant refused to vacate said premises at the expiration of the lease as demanded by appellee. On December 15, 1975, appellee filed this trespass to try title suit against appellant whereby he sought to recover title to and possession of the ranch together with the reasonable rental value of the premises after the expiration of the lease. On April 12, 1976, appellee filed an amended petition wherein he reurged in Count I his claim for title, possession, and rental value of the premises. He also asserted an additional claim for damages on the following counts: (1) The sum of $37,-000.00 for failure of lessee to maintain the fences in good repair as required by the lease agreement; (2) reimbursement for taxes owed by lessee under the lease agreement; (3) failure of lessee to properly utilize the land for ranching purposes by not overgrazing the land; and (4) fraudulent acquisition by appellant of the proceeds of a hunting lease and his refusal to deliver the proceeds to appellee.

On August 31, 1976, the trial court entered a summary judgment that appellee recover title to and possession of the land. The trial court granted appellee a writ of possession but same has never been executed.[1] Appellee was not allowed any sum for the rental value of the land after the expiration of the lease, nor was any disposi-

---

1. This Court granted appellant's application to enjoin execution of the writ pending determination of this appeal.

tion made of appellee's claims for damages. An appeal was perfected by appellant from this summary judgment and on December 29, 1976, we dismissed the appeal because the judgment was interlocutory. In the meantime, on November 23, 1976, the trial court granted appellee's motion for severance and severed appellee's cause of action in trespass to try title from his claims for damages. Appellant perfected his appeal from this order and the record was filed on February 18, 1977.

Appellant asserts four points of error on this appeal. Appellant's first three points all relate to the basic complaint that the trial court erred in entering the order of severance and therefore the summary judgment is an interlocutory and non-appealable judgment. Appellant urges by his fourth point that the summary judgment was improperly granted.

■ It must be recognized at the outset that the order of severance entered pursuant to Rule 41, Tex.R.Civ.P., severed the original suit into two separate suits. The summary judgment thereby became a final judgment and appealable. *Continental Bus Systems, Inc. v. City of Corpus Christi*, 453 S.W.2d 470 (Tex.1970); *Parker v. Holland*, 444 S.W.2d 581 (Tex.1969); *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76 (1959).

■ A more difficult question is raised by appellant's contention that the trial court erred in granting the order of severance. It is urged that the trial court thereby erroneously attempted to split one cause of action into two parts. *In Kansas University Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11 (1961), the Supreme Court held that severance is proper only where the suit involves two or more separate and distinct causes of action and that each of the causes of action into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy. *See also Angerstein v. Angerstein*, 389 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1965, no writ).

Appellee concedes that he has waived his claim for the rental value of the land from the expiration of the lease to the entry of the judgment. He urges, however, that the claims for damages which were alleged in his amended petition are separate and distinct from the trespass to try title cause of action. It is seen that the claims for damages from overgrazing, failing to keep the fences in good repair, and failure to pay certain taxes all relate to the lease agreement. Appellee alleged that appellant breached the lease in these respects. Clearly these claims are separate and distinct from appellee's trespass to try title action which did not arise until after expiration of the lease.

Appellee also sought to recover the amount appellant received for the hunting rights on the ranch for the 1975–1976 hunting season. No such rights were conferred by the lease agreement which permitted residential grazing, and general agricultural purposes, nor is there any evidence that the hunting rights had been theretofore leased. The record has not been developed and the pleadings do not disclose the basis for appellant's assertion of the right to sublease the hunting rights. It is not urged by anyone that this right was one that flowed with the possession of the ranch. Appellee seeks to impose a constructive trust upon and recover the money received and appropriated by appellant by his unauthorized leasing of the hunting rights on the ranch. It is apparent that the issues to be resolved will differ from those involved in the trespass to try title suit and this claim could be tried as if it was the only claim in controversy.

Irrespective of the nature of appellee's claim for the sum received by appellant for the hunting rights, the clear intent of appellee's motion for a severance and the order of the trial court granting same was to sever out all claims based on appellee's trespass to try title cause of action. According-

ly, if it should be developed at the trial of the severed suit that appellee's claim to recover the sum paid appellant for the hunting lease was a part of his trespass to try title action, the result would be that such claim would have been extinguished by entry of the final judgment in the trespass to try title suit.

We therefore conclude that the trial court was authorized under Rule 41 to sever the trespass to try title claim from appellee's claims for damage. *Cox v. Medical Center National Bank,* 424 S.W.2d 954 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ); *Hayes v. Norman,* 383 S.W.2d 477 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

■ Appellant urges in his reply brief that the order of severance was an abuse of discretion. Rule 41 authorizes the trial court on motion of either party or on its own initiative to grant a severance. 3 McDonald, Tex.Civ.Prac. § 10.25 (1970). Furthermore, the trial court is vested with broad discretion in the matter of severance of multiple causes of action. *Pierce v. Reynolds, supra; Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955); *Hanover Insurance Co. v. Hoch,* 469 S.W.2d 717 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). Here the trial court properly exercised its discretion to sever the trespass to try title action in that it was determinable by summary judgment evidence whereas the claims for damages will undoubtedly require a full trial on the merits. Already the appellee has been deprived of possession, and his efforts to sell the ranch have been thwarted, for nearly two years.

■ Appellant urges by his final point that a fact issue was raised from the pleadings, admissions, and affidavits on file regarding appellee's right to possession. Appellee's claim of title is uncontroverted and appellant's right to possession is based on his purported right as a lessee of appellee. It is undisputed that the written lease agreement was executed by appellant's de-

ceased father and appellee on April 13, 1972 for a term commencing September 1, 1972 and ending August 31, 1975. Appellant's father died on April 22, 1973, and appellant was permitted to remain in possession as heir and executor of his father's estate. Appellant, in reply to the motion for summary judgment, averred that his father and appellee had an "understanding" between them that appellant's father "should have' the right to renew his lease on these lands, or that he would have a right of first refusal to match any offer to lease the lands made to Allen Ingrum." Appellant further averred that by letter of May 12, 1973, appellee acknowledged that appellee would have the same "understanding" with appellant. Appellant therefore urged that he was entitled to possession.

This contention is wholly without merit even if we assume that such "understanding" was a binding agreement.[2] The letter of May 12, 1973, relied on by appellant, does not acknowledge, or even mention, a right of refusal granted appellant's father by appellee, nor does appellee acknowledge therein that he would grant such a right to appellant. The only agreement mentioned in this letter was an agreement by appellant's father to spend on improvements to the ranch the money owed by appellant's father for taxes under the lease agreement. Furthermore, appellee has not failed to give appellant a right of first refusal to match any offer to lease the ranch. To the contrary, appellee has not offered to lease the ranch to anyone but has steadfastly insisted upon the right and need to sell the ranch. The record before us shows that a binding sales agreement is now pending and awaiting appellee's ability to deliver possession.

The summary judgment record establishes appellee's right to title to and possession of the ranch upon expiration of the written lease agreement on August 31, 1975. The trial court did not err in granting appellee's motion for summary judgment. The trial

---

**2.** It is unnecessary for us to consider or decide appellee's contention that such a verbal understanding would violate the Statute of Convey-

ances, the Statute of Frauds, or the Parol Evidence Rule as well as the Dead Man's Statute.

court properly exercised its discretion under Rule 41 to sever appellee's trespass to try title action from his claims for damages to enable the ranch to be sold and debts paid without awaiting disposition of the appellee's claims for damages.

The judgment is affirmed.

CADENA, Justice, concurring.

I cannot agree with the majority opinion insofar as it holds, or gives the appearance of holding, that in a trespass to try title suit the issues of title or right to possession and damages are severable.[1]

Here, appellee seeks to recover damages and rents, which are "constituent elements of a cause of action in trespass to try title." *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945). The cause of action in trespass to try title asserted by plaintiff in this case, then, is a unit composed of the elements of title and damages. The conclusion that damages is a constituent element of the cause of action in trespass to try title compels the inference that there is but one cause of action, and that damages is but a part of that single cause of action. The severance in this case is nothing more than an attempt to try, as separate cases, different elements of a single cause of action.

Nor do I agree that appellee's announcement in oral argument before this Court of his waiver of the right to recover damages resulting from the unlawful withholding of possession by appellant, has any effect on the propriety of the severance. There is nothing in the papers on file in the trial court which even suggests that appellee has waived any claim asserted in his pleadings. A plaintiff who, in a tort action, obtains a "partial" summary judgment on the question of liability and then induces the trial court to sever the damage issue for trial in a separate proceeding cannot be said to have waived his right to recover damages.

However, I agree with the judgment of affirmance. The order of severance was entered on November 23, 1976. Appellant had notice of the filing of appellee's motion to sever. He gave notice of appeal on November 29, 1976, and this instrument expressly refers to the order of severance of November 23. At no time did appellant object to the action of the court in ordering the severance, although it is clear that he had notice of the severance at a time when he could have moved that it be set aside. He cannot now "complain of a mere error in granting the same." *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 78 (1959). The Supreme Court expressly held in *Reynolds* that a court has the power to sever one entire cause of action into two or more parts and render separate final judgments disposing of both parts. The Supreme Court there expressly disapproved of holdings to the effect that an order severing a single cause of action into two parts is wholly ineffective. The result is that the order of severance, albeit erroneous, made the judgment as to the title portion of the cause of action final and appealable.

---

1. The question of severability of the two issues was noted, but not decided, in *Zambrano v.* *Olivas,* 477 S.W.2d 299, 300 (Tex.Civ.App.—El Paso 1972, no writ).