Allen INGRUM, Independent Executor of the Estate of Addiebel Allen Ingrum, Deceased, Petitioner,

v.

Robert P. INGRUM, Jr., Individually and as Independent Executor of the Estate of Robert P. Ingrum, Sr., Deceased, Respondent.

No. 15926.

Court of Civil Appeals of Texas, San Antonio.

Sept. 1, 1977.

**552**

See also, Tex.Civ.App., 555 S.W.2d 553.

Elwood Cluck, Cluck, Rutherford & Wolverton, San Antonio, for appellant.

John T. Anderson, Robert J. Hearon, Jr., Austin, William A. Kessler, Uvalde, Edward M. Johnson, San Antonio, for appellee.

CADENA, Chief Justice.

Petitioner, Allen Ingrum, independent executor and trustee of the estate of Addiebel Allen Ingrum, deceased, seeks writs of prohibition, mandamus and injunction designed to prevent further proceedings in certain causes now pending in the 38th Judicial District Court of Uvalde County, Texas.

Respondents are Hon. George M. Thurmond, Judge of the 63rd Judicial District Court, who has signed certain orders in connection with one of the pending suits; Hon. Jack Woodley, Judge of the 38th Judicial District Court; Robert P. Ingrum, Jr., individually and as independent executor of the estate of Robert P. Ingrum, Sr., deceased; and several attorneys allegedly representing Robert P. Ingrum, Jr. in the pending suits. It appears that, at the present time, only Edward M. Johnson, Esq., is actively representing Robert P. Ingrum, Jr. in such litigation.

This proceeding is but another chapter in protracted litigation involving the efforts of petitioner to sell, as independent executor, certain lands in Uvalde County, known as the Addiebel Allen Ingrum Ranch, part of the estate of his testatrix, for the purpose of paying debts of the estate.

On March 1, 1974, the 38th Judicial District Court entered judgment against respondent, Ingrum, authorizing and empowering petitioner to sell the ranch in question. This judgment was affirmed by this Court and is now final. *Ingrum v. Ingrum,* 520 S.W.2d 535 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.).

Ingrum remained in possession of the ranch under a lease which expired on August 31, 1975. When, on termination of the lease, Ingrum refused to vacate the premises, petitioner filed suit in trespass to try title seeking recovery of title to and possession of the ranch. The trial court rendered judgment in favor of petitioner in this suit, and the judgment awarding petitioner title to and possession of the ranch was affirmed by this Court. *Ingrum v. Ingrum,* 552

S.W.2d 914 (Tex.Civ.App.—San Antonio 1977, no writ).

Petitioner has entered into a contract to convey the ranch to F. E. Butler. The closing date under this contract was August 19, 1977. Petitioner obtained a writ of possession pursuant to the judgment in the trespass-to-try-title case. The writ of possession was issued and executed on August 17, 1977.

On August 18, 1977, respondent, Ingrum, filed a suit in the 38th District Court of Uvalde County, bearing docket number 11,-802, against petitioner and others seeking partition of the ranch. On the same date, Notice of Lis Pendens was filed.

On August 19, 1977, respondent, Ingrum, filed a petition in Cause No. 11,805 in the 38th Judicial District Court seeking a temporary restraining order and temporary injunction restraining petitioner, individually and as independent executor, from selling or attempting to sell the ranch. On that same date a temporary restraining order was issued by Hon. George Thurmond, Judge of the 63rd Judicial District Court, Val Verde County, and the application for temporary injunction was set for August 25 in the 38th Judicial District Court of Uvalde County. On August 25, 1977, this Court granted petitioner leave to file his application for the issuance of remedial writs by this Court.

■■■ Our judgments decreeing that petitioner has the power and authority to sell the ranch in question and awarding petitioner title to and possession of the ranch effectively dispose of all of the issues which were litigated, or might have been litigated, in the causes in which such judgments were rendered. Those judgments conclusively bar the rights asserted by Robert P. Ingrum, Jr. in the partition suit and the injunction suit. The mere filing of these suits, particularly when accompanied by the filing of the Lis Pendens Notice, constitutes an actual interference with enforcement of our prior final judgments and destroys the efficacy of such judgments. Under these circumstances, it is our duty to prohibit the prosecution of the partition and injunction suits. *City of Dallas v. Dixon,* 365 S.W.2d

919 (Tex.1963), *rev'd on other grounds,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); *Houston Oil Co. v. Village Mills Co.,* 123 Tex. 253, 71 S.W.2d 1087 (1934).

Respondents, Hon. George M. Thurmond, Judge of the 63rd Judicial District Court, and Hon. Jack Woodley, Judge of the 38th Judicial District Court, are prohibited from proceeding further in Cause No. 11,802, styled *Robert P. Ingrum, Jr. v. Allen Ingrum,* individually and as independent executor of the estate of Addiebel Allen Ingrum, deceased; Ann Ingrum Fawcett; Raquet Ingrum Box, and John A. Ingrum, Jr.; and Cause No. 11,805, styled *Robert P. Ingrum, Jr. v. Allen Ingrum,* individually and as independent executor of the estate of Addiebel Allen Ingrum, deceased, both of which cases are now pending on the docket of the 38th Judicial District Court, Uvalde County, Texas.

Respondent, Robert P. Ingrum, Jr., is enjoined from taking any further action in connection with the prosecution of the two suits described in the preceding paragraph. Respondent, Robert P. Ingrum, Jr., is ordered to take such action as may be necessary in order to withdraw the Notice of Lis Pendens filed by him in connection with the filing of Cause No. 11,802.