**Louis E. HARPER et al., Appellant,**

v.

**Merlin SWOVELAND, and wife, D'Ann Swoveland, Appellees.**

**No. 20090.**

Court of Civil Appeals of Texas, Dallas.

Dec. 5, 1979.

Al Emerson, Shwiff, Caraway & Emerson, Dallas, for appellant.

W. Edward Walts, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

CARVER, Justice.

This is an appeal from a summary judgment in a trespass to try title case. Appellants claimed the property as specific devisees under the probated will of their father, Kirby O. Harper, Sr. Appellees claimed the property as subsequent grantees under a chain of title resting upon a deed from the executrix of the will of Kirby O. Harper, Sr., to Armstrong-Hutson, Inc., made pursuant to a power of sale given in the will. We affirm the judgment in favor of the subsequent grantees because the testator subjected the estate devised to appellants to the unconditional power of sale given to the executrix.

Kirby O. Harper, Sr., owned the property in question at his death. Harper's will was duly probated on May 9, 1977, and his wife qualified as executrix. On July 1, 1977, the executrix deeded the property to Armstrong-Hutson, Inc. The appellees are remote grantees under this deed. In early 1978, appellants filed their suit against the executrix and the appellees; however, the

trial court severed all issues between appellants and the executrix, and we do not address the issues in the severed cause. Appellants and appellees each filed motions for summary judgment, and the trial court sustained appellee's motion and overruled appellants' motion. There is no factual dispute urged by either party, and the sole question presented is whether the specific devise to appellants in the will may be divested by exercise of the power of sale given to the executrix.

The will of Kirby O. Harper, Sr., provides for an administration independent of the probate court. The specific powers granted the named independent executrix are broad and include the power *"to sell, for any reason, upon such terms, cash or credit, as she shall deem in the best interest of my estate, all, or any part, of my property;"* [emphasis added]. The specific devise relied upon by the appellants states:

3.1(a) I devise and bequeath to my children, KIRBY O. HARPER, JR., LOUIE E. HARPER and MARY JANE HARPER HARDAWAY, share and share alike, the following property:

(1) the real property with improvements located at 1452 Maple, Garland, Texas, more particularly described in that deed recorded in Volume 2742, page 157, of the Dallas County Deed Records.

Appellants urge that the specific devise to them in the will is both the source of their title and sufficient notice to a purchaser from the executrix to prevent the original purchaser from being an "innocent purchaser" protected in his title by Tex. Prob.Code Ann. § 188 (Vernon 1955). That section provides as follows:

When an executor or administrator, legally qualified as such, has performed any acts as such executor or administrator in conformity with his authority and the law, such acts shall continue to be valid to all intents and purposes, so far as regards the rights of innocent purchasers of any of the property of the estate from such executor or administrator, for a valuable consideration, in good faith, and without notice of any illegality in the title to the same, notwithstanding such acts or the authority under which they were performed may afterward be set aside, annulled, and declared invalid.

The appellants specifically urge that the purchaser from the executrix, as well as any subsequent purchaser, being charged with notice of this will and its specific devise, have "notice of any illegality in the title." Appellees respond that the power of sale in the executrix is also in the will and that a purchaser, or subsequent purchaser, relying upon the power is "without notice of any illegality in the title."

■ While it is true that property devised under a will, duly probated, is deemed to vest title in the devisee as of the moment of death of the testator, this title is subject to administration. Tex.Prob.Code Ann. § 37 (Vernon Supp.1978–1979); *see Laas v. Seidel*, 95 Tex. 442, 67 S.W. 1015 (1902); *Morris v. Ratliff*, 291 S.W.2d 418 (Tex.Civ. App.—Dallas 1956, writ ref'd n. r. e.); *Freeman v. Banks*, 91 S.W.2d 1078 (Tex.Civ.App. —Ft. Worth 1936, writ ref'd). In *Freeman* the court stated:

It is elementary that the executor has the right of possession of the estate. If, after the payment of all just debts owing by the estate, any property remains that has been specially devised to some person, or institution, it would be the duty of the executor to then deliver such property to the named devisee; or, if sold, to give so much of the proceeds of the sale of such devised property to the devisee as was not needed to pay the debts and costs of administration.

91 S.W.2d at 1080. *Freeman* did not involve an executor with a power of sale provided in the will, but the executor showed unpaid claims to justify his prayer for a declaration of his *right* to sell.

Harper, by his will, provided his executrix with the power to sell "for any reason." Our courts have considered similar powers and have held that the exercise of that power was valid as against a specific devisee of the property sold. In *Nations v. Neighbors*, 201 S.W. 691 (Tex.Civ.App.—El Paso 1918, writ ref'd), the court held valid a

deed of property specifically devised in a will but sold by the executor whose power to sell in the will was "to take charge of and manage and control, investing the proceeds of sales and rents all the rest of [my] property just as if it was his own." *Id.* at 693. In *Ingrum v. Ingrum*, 520 S.W.2d 535 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.), the court affirmed a declaratory judgment that the executor was entitled to sell property, specifically devised, under a power in the will summarized by the court as one that "specifically authorizes and empowers the executor to dispose of, sell, or mortgage any property the decedent may die possessed of, as such executor may deem necessary. This power of sale contains no limitation as to when this can be done." *Id.* at 537.

We conclude, therefore, that the probated will of Harper, containing a specific devise to appellants of the property in question but also containing a power of sale "for any reason . . . all or any part of my property" in the executrix, could be relied upon by the purchaser and subsequent grantees, as the legal authority for sale of the property in question. On the record before us, the deed from the executrix to Armstrong-Hutson, Inc. was valid because, under section 188 of the Texas Probate Code, the executrix's deed was in conformity with her authority. Consequently, appellee's title deranging from the executrix's deed to Armstrong-Hutson, Inc. is valid as against appellants.

Affirmed.