## CLEMMONS et al. v. McDOWELL et al.
(No. 978–5121.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

R. H. Templeton, of Wellington, and Donald & Donald, of Bowie, for plaintiffs in error.

Reynolds, Hill & Engledow, of Shamrock, and Carrigan, Britain, Morgan & King, of Wichita Falls, for defendants in error.

LEDDY, J. Mary Louise Clemmons, joined by her husband, brought this suit against D. D. McDowell and the Magnolia Petroleum Company to recover the title to two tracts of land situated in Wheeler county, Tex. Defendants answered by pleas of not guilty and other pleas not necessary to set forth.

The case was tried to a jury. At the conclusion of the evidence, both parties moved for a peremptory instruction. Plaintiffs' motion was overruled, and defendants' motion sustained, and verdict was accordingly returned and judgment entered thereon for the defendants. This judgment was affirmed by the Court of Civil Appeals.

The property involved was acquired by W. V. Bailey on October 25, 1902, and constituted the community property of himself and wife, Alma Atkins Bailey. Alma Atkins Bailey died intestate in Montague county, Tex., on February 12, 1903, leaving surviving her W. V. Bailey, her husband, and Mary Louise Bailey, now Mary Louise Clemmons, plaintiff in error, as her only heirs. On the 14th day of March, 1903, W. V. Bailey conveyed the property in controversy by warranty deed to Wade Atkins for a recited consideration of $1,200 cash and the assumption by the grantee of five vendor's lien notes existing against the land bearing date October 25, 1902, each being for the sum of $720, and being due 1, 2, 3, 4, and 5 years after date. On the 21st day of December, 1908, Wade Atkins and wife conveyed the land for a valuable consideration to Mike Ditto, J. F. Yates, and Ed R. Wallace. On September 10, 1910, the grantees in the above deed reconveyed the land to Wade Atkins. On the 15th day of January, 1915, Wade Atkins, for himself and as the duly qualified survivor of the community estate of himself and deceased wife, conveyed the property by warranty deed to Horace G. Young, who executed an oil lease to the defendant in error Magnolia Petroleum Company on the 21st day of April, 1922. Subsequently Young conveyed the land by warranty deed to defendant in error D. D. McDowell.

The rule is too well settled to require the citation of authorities that the surviving husband may sell community property to pay community debts. It is undisputed that at the time Bailey conveyed the land to Atkins there existed a community debt of $3,-600, which was a lien on the property. As a

part of the consideration, Atkins assumed this indebtedness, and, according to the findings of the Court of Civil Appeals, some five years later paid the same in full, and a release was executed by the holder of the notes.

On the death of Alma A. Bailey, her interest in this property descended and vested in Mary Louise Bailey (now Mary Louise Clemmons). The vesting of such title, however was subject to the indebtedness against it. If the holder of this indebtedness had sued to foreclose his lien and acquired title under foreclosure, even though the surviving heir was not made a party, the sale would have been effectual to vest in the purchaser title to the entire property. Stramler v. Coe, 15 Tex. 211; Claiborne v. Tanner's Heirs, 18 Tex. 68; Primm v. Barton, 18 Tex. 206; Soye v. McCallister, 18 Tex. 80, 67 Am. Dec. 689; Higgins v. Johnson's Heirs, 20 Tex. 389, 70 Am. Dec. 394; Carter and Rust v. Conner, 60 Tex. 52.

If an involuntary sale of the property to satisfy the indebtedness thereon is sufficient to divest the heir of her interest in the property, although not a party to the proceeding, it follows that a voluntary sale by the survivor which operates to discharge the indebtedness against the land would vest a good title in the purchaser to the heir's interest therein. "The doctrine that a conveyance of the personal interest of the husband in the community property, after the death of his wife," says the Supreme Court in Carter and Rust v. Conner, supra, "carries the title both of himself and the wife's heirs, *when there exists an incumbrance upon the property which is removed by the conveyance*, is well established in this court."

Plaintiff in error contends that an issue of fact was presented as to whether the property was sold by W. V. Bailey for the purpose of paying community debts. The basis for this contention is that it was shown Bailey in fact conveyed the land to Atkins, his father-in-law, in order to avoid a threatened prosecution for murder; that at that time Atkins was laboring under the belief that Bailey had been instrumental in unlawfully causing the death of Alma Atkins Bailey. In so far as this evidence tended to show that the deed was procured by Atkins under duress, the same could not affect McDowell's title, as it is not shown that he had any notice whatever of such fact.

The sale by Bailey of the land in controversy unquestionably operated to discharge a community indebtedness existing against the land. This being true, the contention cannot be successfully made that the property was not sold for the purpose of paying community debts. Assuming that Bailey conveyed the land to Atkins in order to avoid a prosecution being instituted against him for murder, inasmuch as the conveyance operated to discharge a valid community debt, which was an incumbrance against the land, as a matter of law the sale was made for the purpose of paying a community debt.

In Jones v. Harris (Tex. Civ. App.) 139 S. W. 69, it appears that the surviving husband swore positively that he did not sell the land for the purpose of paying community debts, but for another and different purpose. It was shown, however, that there was an indebtedness against the land, and that the sale operated to discharge the same. It was held that no issue was raised as to whether the land was sold to pay community debts, and that under such circumstances a peremptory instruction was proper. In reaching this conclusion the court said: "That W. J. Jones may have sworn that he did not sell the land to pay community debts, does not alter the fact that he had not paid the community debts and the purchase money of the land was used to discharge those debts. *The best proof on earth that property was sold to pay certain debts is that the money arising from the sale was used for that purpose.*"

A similar rule was announced in Crawford v. Gibson (Tex. Civ. App.) 203 S. W. 375. It was there shown, without dispute, that the controlling purpose of the survivor in selling the land was to secure money with which to assist a third party, who was in financial distress. The court held that inasmuch as the sale operated to discharge an incumbrance against the land, no issue of fact was raised. In passing on the question the court said: "Whenever that right has, within the limitations of law, been exercised, and debts of the community actually paid, *it results as matter of law that it was sold for that purpose.*"

The denial of a writ of error by the Supreme Court in the above case of necessity approved the holding of the court on this question.

For the reasons given, we conclude that, it having been shown at the time the survivor conveyed the land it was incumbered by a community obligation which was assumed and paid by the purchaser, the conveyance, as a matter of law, regardless of the motive the survivor may have had in making the deed, was to pay a community debt. Such being the case, there was no issue to be submitted to the jury; hence the court properly instructed a verdict in favor of defendants in error.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed. as recommended by the Commission of Appeals.