### BUCKNER ORPHANS HOME v. MABEN et al.

### No. 2953.

Court of Civil Appeals of Texas. Eastland.

Oct. 24, 1952.

Rehearing Denied Nov. 14, 1952.

Bruce Graham and Burford, Ryburn, Hincks & Ford, Dallas, Morris G. Watson, Roby, for appellant.

Marvin Sprain, McMahon, Springer & Smart, Abilene, for appellees.

LONG, Justice.

The children of J. W. Patton, deceased, sued Buckner Orphans Home and Texas

Pacific Coal & Oil Company in trespass to try title to a one-fourth mineral interest in 160 acres of land in Fisher County, and to recover the proceeds of oil runs produced from said property and collected by Buckner Orphans Home. Plaintiffs dismissed as to Texas Pacific Coal & Oil Company and the case proceeded to trial between plaintiffs and Buckner Orphans Home. The trial was before the court with the aid of a jury and at the conclusion of the evidence the trial court, on motion of plaintiffs, withdrew the case from the jury and peremptorily rendered judgment for plaintiff for title and possession of the property together with $2,381.51 as proceeds for oil runs collected by defendant. From this judgment defendant has appealed.

 Defendant contends there were issues of fact to be determined and that the trial court erred in instructing a verdict in favor of plaintiffs. The mineral interest involved was acquired by J. W. Yopp on September 29, 1929, by a deed from Jess E. Patterson and wife. At the time of the execution and delivery of said deed, J. W. Yopp was married to B. E. Yopp. B. E. Yopp, wife of J. W. Yopp, died in 1931 and left a will whereby she bequeathed all of her property to defendant, Buckner Orphans Home, subject to a life estate to J. W. Yopp. By the terms of the will, J. W. Yopp was appointed independent executor of the estate of his wife and was authorized and directed therein to pay her debts. J. W. Yopp caused said will to be probated and qualified thereunder as independent executor. Thereafter, on April 16, 1935, J. W. Yopp executed a deed to J. W. Patton, the father of plaintiffs, conveying the mineral right involved herein. It is undisputed that at the time of the death of Mrs. Yopp, and of the execution of the deed by J. W. Yopp to J. W. Patton, there were taxes owing by the community estate to J. W. Yopp and his wife. We believe the court did not err in rendering judgment for plaintiffs because J. W. Yopp as independent executor of the estate of his deceased wife, had the power to sell the property of the estate, if necessary, to pay debts against her estate. There was no specific provision in the will authorizing him to sell the property of her

estate but he had such right to sell for the purpose of paying debts of the estate, notwithstanding the absence of such authorization in the will. It is undisputed that the estate of Mrs. Yopp was indebted for delinquent taxes at the time of the sale of the property by Mr. Yopp to J. W. Patton. It is true that J. W. Yopp did not pay the delinquent taxes but it seems to be well settled that a purchaser from an independent executor, where the sale is made for the purpose of paying a debt due by the estate, is not bound to see that the consideration paid for the property is applied to the payment of such debt. The following quotation from Blanton v. Mayes, 72 Tex. 417, 10 S.W. 452, 453, is applicable here:

"If the evidence was sufficient to show that debts, legally a charge on the estate of the testator, existed at the time appellee bought from the executor, then the judgment must be affirmed * * *.

\* \* \* \* \* \*

"Taxes on the estate seem to have amounted to about $800 annually, and, if no other indebtedness than for accrued taxes for the years 1874, 1875 and 1876 were shown (testator died May 6, 1875) to have existed, this would be sufficient to confer on the executor the power to sell which he exercised in making the sale to appellee. Looking to the evidence, there was no error in that part of the court's charge which informed the jury that the existence of indebtedness on the part of the estate, at the time the executor sold to appellee, would confer on the former the power to make the sale; for the indebtedness shown was all such as would confer on the executor the power to sell.

\* \* \* \* \* \*

"Appellant, for the purpose of showing that the executor had not applied the money received from appellee to the discharge of the debts of the estate, proposed to prove a settlement made between the executor of Howard's will and the appellant as the administratrix of the estate of Schlutter, but, on objection, it was excluded. Such evi-

dence would have been admissible for the purpose of showing that neither the estate of Schlutter, nor the beneficiaries under his will, ever received benefit from the money paid to Howard by appellee, but as the case was disposed of became unimportant; for, in order that appellee should be entitled to the land under his purchase from the executor, it was not necessary that he should show that the latter properly appropriated the money paid by him for the land. It was sufficient that he showed a state of facts that gave the executor power to sell." See also Sutton v. Lewis, Tex.Civ.App., 176 S.W. 2d 765 (Writ Ref.); Masterson v. Wingate, Tex.Civ.App., 151 S.W.2d 956, 959 (Writ Ref.).

It is undisputed that the mineral right involved was community property of J. W. Yopp and his deceased wife. It is our belief that after the death of Mrs. Yopp, J. W. Yopp had the power to sell this mineral right to pay community debts. The law is well settled that the community property of husband and wife is subject to the payment of community debts and that the heirs of the wife are entitled to one-half of the community property after the discharge of the debts for which such property is properly liable. The husband is entitled to the exclusive management and disposition of the community property during the marriage and has the right to dispose thereof after the death of his wife for the purpose of discharging debts due by the community estate. When community debts exist and the sale of land belonging to the community estate is made by the survivor, it will be presumed that such sale was made for the purpose of paying such debts. Davis v. Magnolia Pet. Company, 134 Tex. 201, 134 S.W.2d 1042. However, defendant contends this presumption of fact falls because the consideration recited in the deed from Yopp to Patton was only $1 and further, because of the following notation upon such deed:

"I, J. W. Patton, agree to pay J. W. Yopp ¼ cash dollar above sold for."

We do not agree with this contention. There is nothing in the record to show the value of the minerals conveyed by Yopp to Patton. This court will take judicial notice that the value of such rights is speculative and uncertain. So far as we have been able to determine, the sum of $1 may have been all the minerals were worth at that time. The case of Griffin v. Stanolind Oil & Gas Co., 133 Tex. 45, 125 S.W.2d 545, is controlling on this point. We believe the notation on the deed above referred to was for the court to construe. There was no evidence offered in connection therewith to explain the meaning and intent of the notation. We believe that the notation, standing alone, without some explanation thereof, would not raise an issue of fact. If the notation should be construed to mean that Patton agreed to pay Yopp one-fourth of the consideration received by him when the mineral interest was sold, it would be presumed, in the absence of a showing to the contrary, that Yopp would use the money in payment of community debts. In the absence of a showing of fraud, the husband has the absolute right to sell property belonging to the community estate of himself and his deceased wife for the purpose of paying community debts. The burden is on the party asserting fraud when such sale is made in good faith. Asotsky v. Beach, 319 Mo. 810, 5 S.W.2d 22, 62 A.L.R. 95; Clemmons v. McDowell, Tex.Com.App., 12 S.W.2d 955.

In the case of Jones v. Harris, Tex.Civ. App., 139 S.W. 69, 78 (Writ Ref.), the court had under consideration the amount of proof necessary for a purchaser to make when claiming that property was purchased at a sale made by the survivor for the purpose of paying community debts. The court said:

"He is charged with nothing but proof of the existence of community debts, and when that proof is made his duty ceases, and what the secret intention of the survivor in making the sale may have been is a matter of no concern whatever to him."

We have carefully considered the evidence and have been unable to find any issue of fact. The trial court was correct in withdrawing the case from the jury and rendering judgment for plaintiffs.

By other points defendant complains of the action of the trial court in overruling its motion for a new trial on the ground of newly discovered evidence. Upon the hearing of the motion, J. R. Cleveland appeared and testified concerning conversations he had with J. W. Patton and J. W. Yopp immediately prior to the execution of the deed from Yopp to Patton conveying the minerals involved herein. The witness testified that he conveyed the information to one of the attorneys representing the defendant after the trial of this case. He further testified that he had not talked with the attorneys or anyone else with reference thereto prior to this time. The attorneys for defendant did not testify upon said hearing, neither did any representative of the defendant. There is no showing by the attorneys or any representative of the company that they did not know about the existence of such evidence prior to the trial. The granting of a motion for new trial upon the ground of newly discovered evidence rests within the sound discretion of the trial court. There must be a showing that movant did not know of the newly discovered evidence prior to the trial. Campbell Real Estate Co. v. Wiley, Tex.Civ.App., 83 S.W. 251; Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882; Griffith v. Gohlman, Lester & Co., Tex.Civ.App., 253 S.W. 591. Furthermore, we have carefully considered the evidence given by the witness Cleveland and are of the opinion that if same had been offered on the trial it would probably not have changed the result thereof. In other words, we believe that such evidence when taken in connection with the evidence given on the trial would not raise an issue of fact. Therefore, the trial court did not abuse its discretion in overruling the motion for new trial.

All points of error raised by defendant have been carefully considered. We find no merit in any of them and they are hereby overruled.

The judgment of the trial court is affirmed.