GATESVILLE REDI–MIX,
INC., Appellant,

v.

Dean B. JONES, et al., Appellees.

No. 10–88–202–CV.

Court of Appeals of Texas,
Waco.

Feb. 22, 1990.

Rehearing Denied March 29, 1990.

David C. Godbey, Hughes & Luce, Dallas, for appellant.

Robert F. Salter, Gatesville, for appellees.

HALL, Justice.

Nona Maude Jones died on January 10, 1974. She left a will in which she appointed her son, Kermit R. Jones, independent executor of the will without bond. The will provided that her debts should be paid out of her estate by the executor "without delay," that a bequest of $1,000.00 should be paid to a named church, and that "all other property both real and personal that I may die seized and possessed of shall pass to and vest in fee simple in my four children, to-wit: W. Mat Jones, Kermit R. Jones, Dean B. Jones and Edith Floyd, share and share alike." She then directed in the will "that no action be had in the county court in the settling of my estate other than the probating and recording of this my will and the return of an Inventory, Appraisement and List of Claims of my estate." The will was admitted to probate on February 5, 1974. The probate court ordered that letters testamentary be issued to Kermit R. Jones as independent executor of the will and that he file a full and complete inventory and appraisement and list of claims of the estate. The inventory, appraisement and list of claims filed by the independent executor were approved by the probate court on April 25, 1974. The inventory of the estate reflected $19,369.55 in cash on deposit in a bank and a savings and loan association, $29,221.32 in United States Savings Bonds, 729.437 shares in Investment Company of America with a value of $9,678.33, 140 acres of land valued at $56,000.00 and household goods valued at $100.00. The claims against the estate listed $1,545.73 owed to a funeral home for the funeral services, $30.00 owed for a

grave marker, $2,500.00 due to an attorney for attorney's fees incurred for the administration of the estate, and $40.50 owed for court costs, showing a total for all of the claims to be $4,116.23. At the time of trial of the case now before us the probate file also included a receipt from the Internal Revenue Service for the payment of estate taxes in the amount of $6,973.63, and an inheritance tax receipt for the amount of $82.02 paid to the State Comptroller of Public Accounts. The inheritance tax receipt was filed in the probate record in October 1974, and the estate tax receipt was filed in the record in July 1975.

On March 17, 1971, Nona Maude Jones leased the surface of three acres of the real estate owned by her at the time of her death to appellant Gatesville Redi–Mix, Inc. This lease had a primary term of five years terminating on March 17, 1976, with the lessee granted the option to extend the lease under the same terms and conditions for a period of ten years beginning March 17, 1976. The rental under the lease was $300.00 per year. Thereafter, on September 17, 1981, Kermit R. Jones, acting as independent executor of the estate of Nona Maude Jones, executed a lease with appellant on the same three acres. This lease had a primary term of five years beginning on March 17, 1986, with the lessee granted an option to extend the lease for ten years beginning March 17, 1991. This lease called for a rent of $1,000.00 per year.

Kermit R. Jones, the independent executor, died in March 1985. Following his death, his brother, Dean Jones, a devisee in the will of Nona Maude Jones, assumed informal administration of the affairs of the Jones Estate and held himself out as the "executor" and "administrator," although he was never officially appointed by the probate court as a representative of the estate.

Although Kermit R. Jones had previously advised Dean Jones of the existence of the original lease from Nona Maude Jones to appellant, Dean Jones and the other devisees had no knowledge of the replacement lease until after Kermit's death. In 1986, appellant sent Dean Jones a check for the first rent due under the new lease. Dean Jones, acting for appellees, refused the check and took the position that the lease was invalid. Appellees also refused all later lease payments tendered by appellant. Appellant filed this suit in September 1986, pleading for a judgment declaring that the lease executed by Kermit R. Jones as independent executor was valid. Appellees, the surviving heirs under the will of Nona Maude Jones, claimed in their answer that the lease was void because Kermit R. Jones did not have authority to execute it as independent executor of the estate. They filed a counterclaim for the recovery of reasonable compensation for the use and occupancy of the three acres by appellant from March 17, 1986 through the time of trial in April 1988, for the reasonable cost of restoring the three acres to their condition prior to the use and occupancy by appellant, and for attorney's fees.

The case was tried to a jury. At the close of appellant's proof, appellees moved for an instructed verdict on appellant's cause of action. The court granted this motion by withdrawing appellant's action from the jury. The case proceeded before the jury on appellees' counterclaim. The jury found that $12,500.00 was reasonable compensation for the use and occupancy of the three acres by appellant from March 1986 through April 1988, and that $5,000.00 would reasonably compensate appellees for the cost of restoring the three acres. Additionally, the jury found that $5,000.00 was a reasonable attorney's fee for the trial of appellees' case and also made findings regarding reasonable attorney's fees in the event of appeals of the case.

Judgment was rendered on the verdict awarding appellees the amount of damages and the amount of attorney's fees found by the jury. The judgment also recited that the court had granted appellees' motion for instructed verdict "for the reason that the court determined as a matter of law that the lease dated September 17, 1981 is void," and judgment was rendered that appellant take nothing.

This appeal resulted on two points of error. Appellant first asserts that the trial

court erred in holding that the independent executor did not have authority to execute the lease in question. Second, appellant contends that the trial court should not have awarded attorney's fees to appellees because the award was improperly based on the testimony of a witness not designated as an expert in response to interrogatories. We overrule these contentions and we affirm the judgment.

The record in the case shows that at the time of the execution of the lease in question in September 1981, the will of Nona Maude Jones had been properly admitted to probate and Kermit R. Jones had been properly appointed independent executor of the estate, that no final accounting had been filed in the probate records, and that the estate had not been closed although it had been in probate for over seven years. The record also contains the complete probate file discussed above that included the inventory, appraisement and list of claims, the order approving the inventory, appraisement and list of claims, and the receipts for payment of the estate and inheritance taxes.

■ It is the general rule in this state that an independent executor may, without order of the probate court, do any act which an ordinary executor or administrator could do with or under an order of the probate court. *Rowland v. Moore*, 141 Tex. 469, 174 S.W.2d 248, 250 (Tex.1943); *Lang v. Shell Petroleum Corporation*, 138 Tex. 399, 159 S.W.2d 478, 482 (1942). In light of this rule, appellant argues that Kermit R. Jones was authorized by the provisions of Probate Code section 361 to execute the lease in question in his capacity as independent executor. Section 361 provides in essence that if a representative of an estate wishes to rent any real property of the estate for more than one year, he shall file a written application with the probate court setting forth the property sought to be rented and if the court "finds that it would be to the interest of the estate," the court shall issue an order granting the application.

■ It is the settled rule surrounding the sale of real estate by an independent executor that where the sale was not authorized by the will the burden of proof is on the purchaser to show the existence of debts against the estate or other such conditions that would have authorized the probate court to have ordered the sale. *Haring v. Shelton*, 103 Tex. 10, 122 S.W. 13, 14 (1909); *Roberts v. Carlisle*, 4 S.W.2d 144, 152 (Tex.Civ.App.—Dallas 1928, writ dism.); 29 Tex.Jur.3d 795, Decedents' Estates § 768. Whether or not this rule should apply where there has been a leasing of real property rather than a sale appears to be a question of first impression in our state. We believe and hold that the rule should apply to a lease as it does to a sale.

The will in our case did not authorize the independent executor to lease the property. The only authority relied upon by appellant for the lease is section 361 of the Probate Code, supra. The lease is justified by the statute if, at the time it was made, it was to the interest of the estate.

■ In light of the evidence in the case, we must agree with the trial court that appellant failed to meet its burden of showing that the lease in question, at the time it was executed, was to the interest of the estate, as required by section 361. The rent provided by the lease was not necessary for the payment of debts or for any other monetary need of the estate or the devisees. Moreover, any of the listed claims that remained unpaid could not have been allowed by the executor because they would have been barred by statutes of limitations. Probate Code section 298(c). When the testatrix died, the title to all of her real estate, including the three acres in question, vested under her will in the devisees. Probate Code section 37. The long-term lease made to appellant by the independent executor, executed by him seven years after title to the property had vested in the devisees and not beginning until eleven years after such vesting, would deprive the devisees of the beneficial interest and enjoyment of such property until 2001, albeit there was no debt or other need of the estate or the devisees for the execution of the lease.

Appellant argues that the lease was to the interest of the estate because it provided yearly revenue at a rate of $333.00 per acre, over three times higher than the prior lease that had been executed by Nona Maude Jones, and for much more than the $3.20 per acre per year received by the estate for a grazing lease covering the balance of the estate property. However, the grazing lease, as reflected by the record, was an annual lease only, with no options for renewal. We do not believe the mere circumstance of the higher rate of rental rendered the 15–year–lease beginning in 1986 and carrying to 2001, executed in the seventh year of the administration of the estate without need of funds for the estate or for the devisees, to be to the interest of the estate. We believe and hold that such finding by the probate court or by the independent executor under the conditions existing at the time of the execution of the lease would have been an abuse of discretion.

■ Appellant cites *Dallas Services for Visually Impaired Children, Inc. v. Broadmoor, II,* 635 S.W.2d 572 (Tex.App. —Dallas 1982, writ ref'd n.r.e.), as supporting authority for the execution of the lease by Kermit R. Jones. However, the facts in *Broadmoor* are easily distinguished from the facts in our case. In that case the will expressly gave the independent executors the right to sell property of the estate "should it become necessary for preservation of my estate," whereas there is no authority expressed or implied in the will of Nona Maude Jones for the execution of the lease in question by the executor. The will in *Broadmoor* also gave the executors the same rights and powers "to the control, management and disposition of my estate that I would give unto trustees under the provisions of the Texas Trust Act." Section 25 of that Act, Texas Civil Statutes art. 7425b—25(B) and (G) authorizes trustees, in the absence of contrary or limiting instructions in the instrument creating the trust, "to sell real or personal property at public auction or at private sale," and also "to execute and deliver any deed or other instrument necessary, desirable or advisable" for carrying out any of the other powers specified. Moreover, the will in *Broadmoor* was probated in 1965, the deed from the executors to a third party was executed in 1968, and the deed from the third party to *Broadmoor* was executed in 1978. The debts in that case totalled $32,173.00, with the assets being mortgaged real estate of the value of $65,000.00 and personal property of the value of $600.00, facially justifying sale of the real estate to pay the debts which had not been paid when the initial sale occurred in 1968. *Broadmoor* does not support appellant's position.

In its second point appellant contends that the trial court erred in rendering judgment awarding attorney's fees to appellees because the only testimony regarding such fees came from appellees' trial counsel who had not been identified as an expert witness in response to a proper interrogatory. The record is silent concerning an objection which would be the basis for appellant's position under this point. If, as appellant suggests, an objection was made outside the hearing of the court reporter, then appellant was required to bring forward a bill of exception showing that the complaint now urged by appellant was in fact presented to the trial court with a resulting ruling against it. Rule 50(d), Texas Rules of Appellate Procedure, provides that it is the burden of the party seeking review to see that a sufficient record is presented to show error requiring reversal. Rule 52(a) provides that in order to preserve a complaint for appellate review a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context, and that it is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Appellant's points of error are overruled. The judgment is affirmed.