**In re ESTATE OF Joe SPINDOR, Deceased, and Estate of Posie Spindor, Deceased.**

**No. 11–92–065–CV.**

Court of Appeals of Texas, Eastland.

Sept. 17, 1992.

Opinion on Rehearing Oct. 15, 1992.

Richard D. Coan, Law Offices of Richard D. Coan, Stephenville, for Linda Spinder.

William H. Oxford, Gary Lewellen, McMillan & Lewellen, John C. Boucher, Stephenville, for Posie Spinder.

### OPINION

DICKENSON, Justice.

Joe Spindor died on February 20, 1989. His will left all of his property to his widow, Posie Spindor, but she executed a disclaimer. Posie died on June 1, 1989. Even though both wills provide for independent administrations, the independent executor filed applications in the county court on both estates for orders requiring the three residuary beneficiaries to "appear and show cause" why he should not partition the two estates as shown in the two applications and for approval by the court for the proposed partition "or in the alternative" for the court to order partition in the manner provided by Part 8 of the Texas

Probate Code. The county court transferred both estates to the district court on September 4, 1991, for "resolution of all contested matters."

The district court interpreted the language of the two wills, ruled that the independent executor "does not have the power" to make the proposed partition, and transferred the estates back to the county court. One of three residuary beneficiaries, Linda Spindor, appeals the order of the district court. We affirm.

### Provisions of the Wills

Joe and Posie Spindor executed their wills[1] on March 10, 1982. In the first paragraph of each will, the maker left all of his or her property to the other. In the second paragraph of both wills, each of them named the other to be independent executor (or executrix) of the estate. Each will then provided in paragraph 3 that, if the maker's spouse should die first, the two grandchildren would each receive a $5,000 bequest and that:

> The balance of my estate *I leave equally to my three children, Patricia, R.S., and Linda Spindor* and no other sum or part to any other person. (Emphasis added)

Each will then provided in paragraph 4 that if the spouse should die first:

> I hereby appoint George Vavra as independent executor of my will according to the same terms and provisions as set out in paragraph II above. *I also direct him to divide my estate according to the directions set out in paragraph III above.* (Emphasis added)

The wills did not make any provision as to how any disputes would be resolved if any of the beneficiaries did not agree with the manner in which the executor proposed to divide the estates.

### District Court's Order

The order which the district court entered on February 7, 1992, provides in pertinent part as follows:

> [T]he court finds that in regard to the residuary estates, neither of the Wills in question partitions or distributes specific properties to named beneficiaries nor does the language provide a method or means for partition thereof by the administrator. It is accordingly determined that *the independent administrator does not have the power to make such partition, but must either distribute the estate in undivided shares or request its partition and distribution as provided by Section 150 of the Probate Code.*[2]

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED, that each Application for Approval of Partition of Estate filed by George R. Vavra is hereby denied. Each cause is transferred back to the county court for further proceedings not inconsistent with this order. (Emphasis added)

### Points of Error

The independent executor and two of the three residuary beneficiaries have accepted the district court's ruling, but one of the residuary beneficiaries, Linda Spindor, has appealed. She presents two points of error, arguing that the trial court erred: (Point One) in failing to grant her motion for summary judgment because no factual issue is involved in the construction of a non-ambiguous Will and (Point Two) in improperly construing the two Wills. Both points are overruled.

### Basis for Decision

This court will interpret Section 150 of the Probate Code in the same manner as

1. We note that the wills were not prepared by an attorney.

2. TEX.PROB.CODE ANN. § 150 (Vernon 1980) provides that:
   If the will does not ... provide a means for partition of said estate ..., the *independent executor* may file his final account in the county court ... and ask for either partition and distribution of the estate or an order of sale of any portion ... found by the court to be incapable of a fair and equal partition and distribution ... in the manner provided for the partition and distribution of property and the sale of property incapable of division in estates administered under the direction of the county court. (Emphasis added)

the predecessor statute was interpreted by this court in *Parker v. Allison*, 22 S.W.2d 338 at 341 (Tex.Civ.App.—Eastland 1929, no writ):

> The will does not provide, in case of dispute or contest, how the matter shall be determined, and hence it cannot be said that the will provides a means for partition. Under such circumstances, Rev.St. art. 3442 [now Section 150, supra note 2] becomes applicable, *even to an independent administration....*

When this statute appeared as article 1948, Rev.St.1879, the Supreme Court, in *Lumpkin v. Smith*, 62 Tex. 249, construed its application in the case of an independent administration thus: "The manifest purpose of the statute relied on is to enable the executor ... to have determination of such questions made by the county court, in order that he may turn the estate over to those entitled thereto." (Emphasis added)

■■■■ The independent executor in this case filed applications with the county court in connection with both wills seeking approval of the proposed partition "or in the alternative" for the court to order partition "in the manner provided by Part 8 of the Texas Probate Code." TEX.PROB. CODE ANN. §§ 373–387 (Vernon 1980 and Supp.1992) provide the manner and means to resolve disputes between the residuary beneficiaries as to how the property shall be divided and to protect the executor from claims that he did not divide the residuary property "equally" between the three residuary beneficiaries. The independent executor properly sought the court's approval of his proposed division of the property, and the district court did not err in its interpretation of the two wills.

If the three residuary beneficiaries of their parents' wills are unable to agree with the executor on how the property is to be divided, the executor is authorized by Section 150 of the Probate Code to proceed with the distribution in compliance with Sections 373–387 of the Probate Code.

The judgment of the trial court is affirmed.

## OPINION ON REHEARING

Appellant argues in her motion for rehearing that this court erred in affirming that portion of the trial court's judgment that states:

> [T]he independent administrator does not have the power to make such partition, but must *either distribute the estate in undivided shares or* request its partition and distribution as provided by Section 150 of the Probate Code. (Emphasis added)

Both wills direct the independent administrator "to divide my estate," and appellant argues that, since an "undivided" distribution was not contemplated:

> [S]urely this Court [of Appeals] is not saying, in the face of the wills' non-precatory, unambiguous testamentary directives, that he can leave the property undivided. To do so would subject the independent administrator to potential suit for failing to divide.

The motion for rehearing is granted in part. The judgment of the trial court is reformed to delete the references to distribution in "undivided shares." As reformed, that sentence in the trial court's order now provides:

> It is accordingly determined that the independent administrator does not have the power to make such partition, but must request its partition and distribution as provided by Section 150 of the Probate Code.

As reformed, the judgment of the trial court is affirmed.