Opinion filed August 20, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 20,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00307-CV 

                                                     __________

 

            BETTY L.
SMITH, AS INDEPENDENT ADMINISTRATRIX OF

                 THE
ESTATE OF OSCAR D. GALLOWAY, DECEASED;

                   DAVID
S. BROWN AND WIFE, CHARLA D. BROWN,

                                                      Appellants

 

                                                             V.

 

               NANCY L.
HODGES AND NED L. GALLOWAY, Appellees

 



 

                                  On Appeal from the 39th District Court

                                                       Stonewall
County, Texas

                                                     Trial
Court Cause No. 4448

 



 

                                                                   O
P I N I O N

Oscar
D. Galloway died in 2002.  Betty L. Smith, Nancy L. Hodges, and Ned L. Galloway
are Galloway=s
siblings and heirs at law.  On August 8, 2002, the county court issued an order
granting an independent administration and naming Smith independent
administratrix of the estate.








On
November 29, 2006, Smith filed an application with the county court to sell
approximately 164 acres in Stonewall County.  The only reason given by Smith
for the application to sell real estate was that A[t]he
property cannot be partitioned.@ 
On January 4, 2007, the county judge refused to set a hearing on the
application, explaining that Smith was an independent administratrix and that A[c]ourt oversight of
Independent administration is limited.@ 
On February 9, 2007, Smith conveyed 164 acres in Stonewall County to David
S. Brown and wife, Charla D. Brown, Smith=s
son-in-law and daughter.  Hodges and Galloway filed suit in the county court
alleging that Smith had breached her fiduciary duty, failed to account for
funds from a sale of real estate in Kent County, and failed to obtain court
approval for the sale of the 164 acres to the Browns.  They also alleged that
Smith had incurred excessive and unnecessary administrative and legal fees on
behalf of the estate.  The lawsuit was transferred to the district court and
filed as Cause Number 4440.

Hodges
and Galloway filed a motion for partial summary judgment seeking to have the
deed to the Browns declared void or voidable.  Their sole ground for summary
judgment was that Smith had failed to comply with Sections 331 through 353 of
the Texas Probate Code[1] and obtain
approval of the probate court for the sale of the real estate.  The district
court granted the motion for partial summary judgment and decreed that the
special warranty deed dated February 9, 2007, conveying the 164 acres to the
Browns was null and void.  The district court then severed Hodges=s and Galloway=s claim for cancellation of
the deed and the partial summary judgment.  The severed claim was assigned
Cause Number 4448.  Smith and the Browns appealed.

We
hold that the independent administratrix was not required to comply with
Sections 331 through 353 in the sale of the real estate to the Browns.  See Stanley
M. Johanson, Texas Probate Code Annotated '
331 Commentary (2008 ed.) (implicitly recognizing that an independent executor
has the authority to sell land without prior court approval by describing the
purchaser=s potential
burden of proof if that sale is subsequently challenged).  Those sections do
not Aspecifically and
explicitly@ provide
for action in the county court as required by Tex.
Prob. Code Ann. '
145(h) (Vernon 2003), the section governing independent administrations. 
Therefore, the district court erred in granting summary judgment.  We reverse
and remand.

Independent
Administrations








The
Texas Legislature has provided in Tex.
Prob. Code Ann. '
145(c) (Vernon 2003) that all the distributees of a decedent dying intestate
may agree on the advisability of having an independent administration. 
Galloway=s heirs did
so in this case, and Smith was appointed independent administratrix.  Section
145(h) provides the guidelines for an independent administration:

When
an independent administration has been created, and the order appointing an
independent executor has been entered by the county court, and the inventory,
appraisement, and list aforesaid has been filed by the executor and approved by
the county court, as long as the estate is represented by an independent
executor, further action of any nature shall not be had in the county court
except where this Code specifically and explicitly provides for some action in
the county court.

 

Tex. Prob. Code Ann. ' 3(q) (Vernon Supp. 2008)
defines the term Aindependent
executor@ to mean the
personal representative of an estate under independent administration as
provided in Tex. Prob. Code Ann. ' 145 (Vernon 2003).  Thus,
the estate of Oscar D. Galloway was to be administered in just the same way as
if the independent administration had been created by will.  We view Smith as
an independent executor in terms of her ability to sell real estate.

Property
devised under a will, duly probated, is deemed to vest title in the devisee as
of the moment of death of the testator.  The same is true when the decedent
dies intestate B title
vests immediately in his or her heirs at law.  However, the property is subject
to administration.   Tex. Prob. Code
Ann. ' 37
(Vernon 2003); see Laas v. Seidel, 67 S.W. 1015 (Tex. 1902); Freeman
v. Banks, 91 S.W.2d 1078 (Tex. Civ. App.CFort
Worth 1936, writ ref=d). 
The probate court has no control over independent executors except as expressly
provided by law.  Section 145(h); D=Unger v.
De Pena, 931 S.W.2d 533, 534 (Tex. 1996); Collins v. Baker, 825
S.W.2d 555, 556 (Tex. App.CHouston
[14th Dist.] 1992, no writ); Metting v. Metting, 431 S.W.2d 906
(Tex. Civ. App.CSan
Antonio 1968, no writ).  And there are controls expressly provided by law.  An
independent executor=s
authority to sell real estate without court order is not unlimited.








An
independent executor may, without order of the probate court, do any act that
an ordinary executor or administrator could do with or under an order of the
probate court.  See Rowland v. Moore, 174 S.W.2d 248, 250 (Tex. 1943); Gatesville
Redi-Mix, Inc. v. Jones, 787 S.W.2d 443, 445 (Tex. App.CWaco 1990, writ denied); Dallas
Servs. for Visually Impaired Children, Inc. v. Broadmoor II, 635 S.W.2d
572, 576 (Tex. App.CDallas
1982, writ ref=d
n.r.e.).  Section 341(2) authorizes the probate court to direct a sale of any
interest in real property when it is to the best interest of the estate. 
Because the statute has direct application only to sales by executors and
administrators under court control, it would authorize a sale by an independent
executor when it is deemed to be to the best interest of the estate.  Despite
this implied authorization to act without court order, an independent executor
could file a suit to construe the will or an action for declaratory judgment
and thereby obtain instructions from the district court or a statutory probate
court.  See 17  Gerry W. Beyer, Texas Practice: Probate and Decedents= Estates ' 499 (2009).

A
will may provide broad authority for the independent executor to sell property
of the estate, and that power is valid as against a specific devisee of the
property sold.  Harper v. Swoveland, 591 S.W.2d 629, 630-31 (Tex. Civ.
App.CDallas 1979, no
writ).  Also, an independent executor has authority to sell property apart from
any express authority in the will if there are outstanding debts or claims
against the estate.  Lesikar v. Rappeport, 809 S.W.2d 246, 251 (Tex.
App.CTexarkana 1991,
no writ); Broadmoor II, 635 S.W.2d at 576; Buckner Orphans Home v.
Maben, 252 S.W.2d 726 (Tex. Civ. App.CEastland
1952, no writ); Freeman, 91 S.W.2d at 1080.

There
are two reasons why Section 331 does not apply to independent executors. 
First, Section 331 does not Aspecifically
and explicitly@
provide that the section applies to independent executors.  Section 145(h)
provides that, when an independent administration has been created, after the
inventory, appraisement, and list of claims have been filed and approved by the
county court, Afurther
action of any nature shall not be had in the county court except where this
Code specifically and explicitly provides for some action in the county court.@  Thus, the probate court
has jurisdiction over an independent executor only if the Probate Code
specifically and explicitly so provides.  Bunting v. Pearson, 430 S.W.2d
470, 473 (Tex. 1968); Sweeney v. Sweeney, 668 S.W.2d 909, 910 (Tex. App.CHouston [14th Dist.] 1984,
no writ).  Second, Section 331 states that no sale of any property of an estate
shall be made without an order of the court authorizing the same.  If applied
to an independent executor, a testator could not authorize his independent
executor to sell real or personal property without a court order.  The trial
court erred in holding that Smith had to comply with Sections 331 through 353
in the sale to the Browns.








Although
Smith did not have to comply with Section 331, a court order was required.  The
only reason given by Smith for selling the 164 acres was that the property
could not be partitioned.  An independent executor may not sell real estate to
partition property when the will does not confer such power.  See Clark v.
Posey, 329 S.W.2d 516, 518-19 (Tex. Civ. App.CAustin
1959, writ ref=d
n.r.e.); Terrill v. Terrill, 189 S.W.2d 877, 879 (Tex. Civ. App.CSan Antonio 1945, writ ref=d).  Here, there was no
will.  In the absence of a will conferring such authority, an independent
executor must follow the requirements of Section 150 to partition property or
to sell property if the court determines that the property is incapable of a
fair and equal partition and distribution:

If
the will does not distribute the entire estate of the testator, or provide a
means for partition of said estate, or if no will was probated, the independent
executor may file his final account in the county court in which the will was
probated, or if no will was probated, in the county court in which the order
appointing the independent executor was entered, and ask for either partition
and distribution of the estate or an order of sale of any portion of the estate
alleged by the independent executor and found by the court to be incapable of a
fair and equal partition and distribution, or both; and the same either
shall be partitioned and distributed or shall be sold, or both, in the manner
provided for the partition and distribution of property and the sale of
property incapable of division in estates administered under the direction of
the county court (emphasis added).

 

As independent
administratrix, Smith did not follow Section 150 in the sale of the 164 acres
to the Browns.  Under Section 150, Smith was required to seek partition and
distribution or sale of the 164 acres in the manner set forth in Tex. Prob. Code Ann. '' 373-387 (Vernon 2003
& Supp. 2008)  found in Part 8 of the Probate Code APartition and Distribution of Estates of
Decedents.@  Those are
the sections that apply to Aestates
administered under the direction of the county court.@  Section 150; In re Estate of Spindor,
840 S.W.2d 665, 667 (Tex. App.CEastland
1992, no writ).

   
The sole ground for the summary judgment granted Hodges and Galloway was that
Smith failed to comply with Sections 331 through 353.  The trial court erred in
granting summary judgment on that ground.  Appellants= first issue is sustained.   Although we need
not address appellants=
other issues, we will address two arguments made by appellants.

Probate
Code Section 188








The
Browns first argue that the sale to them is voidable, not void.  We agree.  An
independent executor may sell real estate without court order under certain
conditions.  Section 341(2) provides authority for an independent executor
to sell land if a sale would be to the best interest of the estate.  An
independent executor may sell land to pay debts.  Because devisees and heirs
may show that the sale was not to the best interest of the estate or there were
no debts, title to the real estate sold by an independent executor without
court order is voidable.  We have reversed the summary judgment, and the issue
of whether conditions existed authorizing the sale by Smith may be litigated on
remand.

Tex. Prob. Code Ann. ' 188 (Vernon 2003) also is
authority for finding that the sale to the Browns is voidable.  The Browns
argue that the sale to them should be held valid because they were innocent
purchasers that are recognized under Section 188:

When
an executor or administrator, legally qualified as such, has performed any
acts  as such executor or administrator in conformity with his authority and
the law, such acts shall continue to be valid to all intents and purposes, so
far as regards the rights of innocent purchasers of any of the property of the
estate from such executor or administrator, for a valuable consideration, in
good faith, and without notice of any illegality in the title to the same,
notwithstanding such acts or the authority under which they were performed may
afterward be set aside, annulled, and declared invalid.

 

 On
remand, the Browns may show that Smith=s
act was in conformity with the law and that they acted in good faith without
notice of any illegality in connection with the sale.   Although Smith did not
comply with Section 150, we have pointed out that an independent executor may
sell land without court order under certain circumstances.  However, where a
sale of property is not authorized by a will, as in this case, the purchaser
has the burden of proof to show the existence of debts against the estate or
other such conditions that would have authorized a sale.  See Gatesville
Redi-Mix, 787 S.W.2d at 445; Buckner Orphans Home, 252 S.W.2d at
729.  If the purchaser shows that debts existed at the time of sale, the
purchaser is entitled to presume that the executor will use the sale proceeds
to pay the debt.  Buckner Orphans Home, 252 S.W.2d at 729.

This
Court=s Ruling

The
summary judgment granted by the trial court to Hodges and Galloway is reversed,
and the cause is remanded to the trial court.

 

TERRY McCALL

JUSTICE

August 20, 2009                                                           

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Tex. Prob. Code Ann. '' 331-353 (Vernon 2003 & Supp. 2008).