**Opinion filed August 20, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00307-CV

_____

## BETTY L. SMITH, AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF OSCAR D. GALLOWAY, DECEASED; DAVID S. BROWN AND WIFE, CHARLA D. BROWN, Appellants

## V.

## NANCY L. HODGES AND NED L. GALLOWAY, Appellees

**On Appeal from the 39th District Court**

**Stonewall County, Texas**

**Trial Court Cause No. 4448**

### O P I N I O N

Oscar D. Galloway died in 2002. Betty L. Smith, Nancy L. Hodges, and Ned L. Galloway are Galloway's siblings and heirs at law. On August 8, 2002, the county court issued an order granting an independent administration and naming Smith independent administratrix of the estate.

On November 29, 2006, Smith filed an application with the county court to sell approximately 164 acres in Stonewall County. The only reason given by Smith for the application to sell real estate was that "[t]he property cannot be partitioned." On January 4, 2007, the county

judge refused to set a hearing on the application, explaining that Smith was an independent administratrix and that "[c]ourt oversight of Independent administration is limited." On February 9, 2007, Smith conveyed 164 acres in Stonewall County to David S. Brown and wife, Charla D. Brown, Smith's son-in-law and daughter. Hodges and Galloway filed suit in the county court alleging that Smith had breached her fiduciary duty, failed to account for funds from a sale of real estate in Kent County, and failed to obtain court approval for the sale of the 164 acres to the Browns. They also alleged that Smith had incurred excessive and unnecessary administrative and legal fees on behalf of the estate. The lawsuit was transferred to the district court and filed as Cause Number 4440.

Hodges and Galloway filed a motion for partial summary judgment seeking to have the deed to the Browns declared void or voidable. Their sole ground for summary judgment was that Smith had failed to comply with Sections 331 through 353 of the Texas Probate Code[1] and obtain approval of the probate court for the sale of the real estate. The district court granted the motion for partial summary judgment and decreed that the special warranty deed dated February 9, 2007, conveying the 164 acres to the Browns was null and void. The district court then severed Hodges's and Galloway's claim for cancellation of the deed and the partial summary judgment. The severed claim was assigned Cause Number 4448. Smith and the Browns appealed.

We hold that the independent administratrix was not required to comply with Sections 331 through 353 in the sale of the real estate to the Browns. *See* Stanley M. Johanson, *Texas Probate Code Annotated* § 331 Commentary (2008 ed.) (implicitly recognizing that an independent executor has the authority to sell land without prior court approval by describing the purchaser's potential burden of proof if that sale is subsequently challenged). Those sections do not "specifically and explicitly" provide for action in the county court as required by TEX. PROB. CODE ANN. § 145(h) (Vernon 2003), the section governing independent administrations. Therefore, the district court erred in granting summary judgment. We reverse and remand.

### Independent Administrations

The Texas Legislature has provided in TEX. PROB. CODE ANN. § 145(c) (Vernon 2003) that all the distributees of a decedent dying intestate may agree on the advisability of having an

---

[1]TEX. PROB. CODE ANN. §§ 331-353 (Vernon 2003 & Supp. 2008).

independent administration. Galloway's heirs did so in this case, and Smith was appointed independent administratrix. Section 145(h) provides the guidelines for an independent administration:

> When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court.

TEX. PROB. CODE ANN. § 3(q) (Vernon Supp. 2008) defines the term "independent executor" to mean the personal representative of an estate under independent administration as provided in TEX. PROB. CODE ANN. § 145 (Vernon 2003). Thus, the estate of Oscar D. Galloway was to be administered in just the same way as if the independent administration had been created by will. We view Smith as an independent executor in terms of her ability to sell real estate.

Property devised under a will, duly probated, is deemed to vest title in the devisee as of the moment of death of the testator. The same is true when the decedent dies intestate – title vests immediately in his or her heirs at law. However, the property is subject to administration. TEX. PROB. CODE ANN. § 37 (Vernon 2003); *see Laas v. Seidel*, 67 S.W. 1015 (Tex. 1902); *Freeman v. Banks*, 91 S.W.2d 1078 (Tex. Civ. App.—Fort Worth 1936, writ ref'd). The probate court has no control over independent executors except as expressly provided by law. Section 145(h); *D'Unger v. De Pena*, 931 S.W.2d 533, 534 (Tex. 1996); *Collins v. Baker*, 825 S.W.2d 555, 556 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Metting v. Metting*, 431 S.W.2d 906 (Tex. Civ. App.—San Antonio 1968, no writ). And there are controls expressly provided by law. An independent executor's authority to sell real estate without court order is not unlimited.

An independent executor may, without order of the probate court, do any act that an ordinary executor or administrator could do with or under an order of the probate court. *See Rowland v. Moore*, 174 S.W.2d 248, 250 (Tex. 1943); *Gatesville Redi-Mix, Inc. v. Jones*, 787 S.W.2d 443, 445 (Tex. App.—Waco 1990, writ denied); *Dallas Servs. for Visually Impaired Children, Inc. v. Broadmoor II*, 635 S.W.2d 572, 576 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). Section 341(2) authorizes the probate court to direct a sale of any interest in real property when it is to the best

3

interest of the estate. Because the statute has direct application only to sales by executors and administrators under court control, it would authorize a sale by an independent executor when it is deemed to be to the best interest of the estate. Despite this implied authorization to act without court order, an independent executor could file a suit to construe the will or an action for declaratory judgment and thereby obtain instructions from the district court or a statutory probate court. *See* 17 Gerry W. Beyer, *Texas Practice: Probate and Decedents' Estates* § 499 (2009).

A will may provide broad authority for the independent executor to sell property of the estate, and that power is valid as against a specific devisee of the property sold. *Harper v. Swoveland*, 591 S.W.2d 629, 630-31 (Tex. Civ. App.—Dallas 1979, no writ). Also, an independent executor has authority to sell property apart from any express authority in the will if there are outstanding debts or claims against the estate. *Lesikar v. Rappeport*, 809 S.W.2d 246, 251 (Tex. App.—Texarkana 1991, no writ); *Broadmoor II*, 635 S.W.2d at 576; *Buckner Orphans Home v. Maben*, 252 S.W.2d 726 (Tex. Civ. App.—Eastland 1952, no writ); *Freeman*, 91 S.W.2d at 1080.

There are two reasons why Section 331 does not apply to independent executors. First, Section 331 does not "specifically and explicitly" provide that the section applies to independent executors. Section 145(h) provides that, when an independent administration has been created, after the inventory, appraisement, and list of claims have been filed and approved by the county court, "further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court." Thus, the probate court has jurisdiction over an independent executor only if the Probate Code specifically and explicitly so provides. *Bunting v. Pearson*, 430 S.W.2d 470, 473 (Tex. 1968); *Sweeney v. Sweeney*, 668 S.W.2d 909, 910 (Tex. App.—Houston [14th Dist.] 1984, no writ). Second, Section 331 states that no sale of any property of an estate shall be made without an order of the court authorizing the same. If applied to an independent executor, a testator could not authorize his independent executor to sell real or personal property without a court order. The trial court erred in holding that Smith had to comply with Sections 331 through 353 in the sale to the Browns.

Although Smith did not have to comply with Section 331, a court order was required. The only reason given by Smith for selling the 164 acres was that the property could not be partitioned. An independent executor may not sell real estate to partition property when the will does not confer

such power. *See Clark v. Posey*, 329 S.W.2d 516, 518-19 (Tex. Civ. App.—Austin 1959, writ ref'd n.r.e.); *Terrill v. Terrill*, 189 S.W.2d 877, 879 (Tex. Civ. App.—San Antonio 1945, writ ref'd). Here, there was no will. In the absence of a will conferring such authority, an independent executor must follow the requirements of Section 150 to partition property or to sell property if the court determines that the property is incapable of a fair and equal partition and distribution:

> If the will does not distribute the entire estate of the testator, or provide a means for partition of said estate, or if no will was probated, the independent executor may file his final account in the county court in which the will was probated, or if no will was probated, in the county court in which the order appointing the independent executor was entered, and ask for either partition and distribution of the estate or an order of sale of any portion of the estate alleged by the independent executor and found by the court to be incapable of a fair and equal partition and distribution, or both; *and the same either shall be partitioned and distributed or shall be sold, or both, in the manner provided for the partition and distribution of property and the sale of property incapable of division in estates administered under the direction of the county court* (emphasis added).

As independent administratrix, Smith did not follow Section 150 in the sale of the 164 acres to the Browns. Under Section 150, Smith was required to seek partition and distribution or sale of the 164 acres in the manner set forth in TEX. PROB. CODE ANN. §§ 373-387 (Vernon 2003 & Supp. 2008) found in Part 8 of the Probate Code "Partition and Distribution of Estates of Decedents." Those are the sections that apply to "estates administered under the direction of the county court." Section 150; *In re Estate of Spindor*, 840 S.W.2d 665, 667 (Tex. App.—Eastland 1992, no writ).

The sole ground for the summary judgment granted Hodges and Galloway was that Smith failed to comply with Sections 331 through 353. The trial court erred in granting summary judgment on that ground. Appellants' first issue is sustained. Although we need not address appellants' other issues, we will address two arguments made by appellants.

*Probate Code Section 188*

The Browns first argue that the sale to them is voidable, not void. We agree. An independent executor may sell real estate without court order under certain conditions. Section 341(2) provides authority for an independent executor to sell land if a sale would be to the best interest of the estate. An independent executor may sell land to pay debts. Because devisees and heirs may show that the sale was not to the best interest of the estate or there were no debts, title

5

to the real estate sold by an independent executor without court order is voidable. We have reversed the summary judgment, and the issue of whether conditions existed authorizing the sale by Smith may be litigated on remand.

TEX. PROB. CODE ANN. § 188 (Vernon 2003) also is authority for finding that the sale to the Browns is voidable. The Browns argue that the sale to them should be held valid because they were innocent purchasers that are recognized under Section 188:

> When an executor or administrator, legally qualified as such, has performed any acts as such executor or administrator in conformity with his authority and the law, such acts shall continue to be valid to all intents and purposes, so far as regards the rights of innocent purchasers of any of the property of the estate from such executor or administrator, for a valuable consideration, in good faith, and without notice of any illegality in the title to the same, notwithstanding such acts or the authority under which they were performed may afterward be set aside, annulled, and declared invalid.

On remand, the Browns may show that Smith's act was in conformity with the law and that they acted in good faith without notice of any illegality in connection with the sale. Although Smith did not comply with Section 150, we have pointed out that an independent executor may sell land without court order under certain circumstances. However, where a sale of property is not authorized by a will, as in this case, the purchaser has the burden of proof to show the existence of debts against the estate or other such conditions that would have authorized a sale. *See Gatesville Redi-Mix*, 787 S.W.2d at 445; *Buckner Orphans Home*, 252 S.W.2d at 729. If the purchaser shows that debts existed at the time of sale, the purchaser is entitled to presume that the executor will use the sale proceeds to pay the debt. *Buckner Orphans Home*, 252 S.W.2d at 729.

*This Court's Ruling*

The summary judgment granted by the trial court to Hodges and Galloway is reversed, and the cause is remanded to the trial court.

TERRY McCALL
JUSTICE

August 20, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6